UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO EPELBAUM, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br>    vs.<br><br>DYNAGAS LNG PARTNERS LP, DYNAGAS GP, LLC, DYNAGAS HOLDING LTD., TONY LAURITZEN, MICHAEL GREGOS and GEORGE J. PROKOPIOU,<br><br>            Defendants. | Civil Action No.: 1:19-cv-04512<br><br>Hon. Alison J. Nathan |

**JOINT DECLARATION OF PLAINTIFF MARIO EPELBAUM,
FNY PARTNERS FUND LP AND SCOTT DUNLOP IN SUPPORT
OF MOTION OF FIRST NEW YORK GROUP FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Plaintiff Mario Epelbaum, FNY Partners Fund LP ("FNY Partners Fund") and Scott Dunlop (collectively, the "First New York Group"), pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the Motion of the First New York Group for the entry of an Order: (1) appointing the First New York Group as Lead Plaintiff in the above captioned securities class action ("Action"); (2) approving our selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") to serve as Lead Counsel; and (3) consolidating for all purposes any subsequently filed, removed or transferred actions that are related to the claims asserted in the above-captioned Action against Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holding Ltd., Tony Lauritzen, Michael Gregos and George J. Prokopiou (collectively, the "Defendants"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We each have personal knowledge regarding the facts set forth in this Joint Declaration.

2. **Mario Epelbaum** holds a Bachelor of Arts in Mathematics, Economics and Computer Science from Cornell University and a Doctor of Philosophy from Stanford University. He has over two decades of investing experience, including as an equity research analyst, portfolio manager and equity strategist. Mr. Epelbaum resides and works in New York, New York. Mr. Epelbaum is willing and able to attend proceedings in this matter in New York City.

3. **Shawn Fischman** is the General Counsel and Chief Compliance Officer of FNY Investment Advisers, LLC, the investment adviser of FNY Partners Fund, and is authorized to make this Joint Declaration on behalf of FNY Partners Fund. Mr. Fischman works in New York, New York. He is willing and able to attend proceedings in this matter in New York City.

4. **Scott Dunlop** has over two decades of investing experience and blends deep knowledge of equity and debt markets with his background in early stage and venture capitalized technology startups. Mr. Dunlop owns property in Cooperstown, New York and regularly travels to, and throughout, New York State. He is able and willing to attend proceedings in this matter in New York City.

5. We are a small, cohesive group that is strongly motivated to recover the significant losses we each incurred as a result of Defendants' alleged violations of the federal securities laws. We believe the composition of our group – sophisticated and experienced investors that purchased securities at prices inflated by Defendants' misstatements and omissions – provides the Class with the broadest representation and ensures that the interests of all Class members will be adequately represented and protected in this litigation. Our primary goal in seeking appointment as Lead Plaintiff is to ensure the litigation is efficiently litigated by well-qualified counsel in order to achieve the best possible recovery for all Class members from all potentially culpable parties. For these reasons and others, we each independently determined that we could best achieve our shared goals of securing the maximum potential recovery for the Class by seeking appointment as Lead Plaintiff.

6. Specifically, following the revelation that certain statements by Defendants were false and misleading, Mr. Epelbaum contacted Mr. Fischman to discuss retaining counsel and bringing a case related to losses we suffered in Dynagas securities. On Mr. Fischman's recommendation, Mr. Epelbaum and Mr. Fischman had extensive discussions with Entwistle & Cappucci, with whom Mr. Fischman has worked previously, about initiating litigation and serving as Lead Plaintiff. Mr. Epelbaum authorized the filing of a complaint by Entwistle & Cappucci in his name. After the filing of Mr. Epelbaum's complaint and the publication of the notice of

pendency of class action, Mr. Dunlop then contacted Entwistle & Cappucci and expressed his interest in serving as a Lead Plaintiff with a group of other sophisticated investors.

7. Accordingly, we learned of each other's interest in serving as Lead Plaintiff in the Dynagas securities class action, which gave rise to communications with each other and counsel to explore whether it would be in our and the Class's interests to seek appointment together as Lead Plaintiff. Based upon our own diligence and communications, we agreed that a small group of sophisticated investors, including investors in common stock, preferred stock and derivative securities, together, represented the best possible structure to achieve the most favorable results in this litigation for ourselves and other investors in Dynagas securities.

8. As part of our efforts to explore working together, on July 10, 2019, we participated in a joint conference call, during which we discussed various aspects of the Action pending against Dynagas, including: the allegations in the litigation and the merits of the claims against Defendants; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner; the advantages of sharing resources and having an experienced law firm such as Entwistle & Cappucci serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure the proposed Class will benefit from our supervision of counsel. In particular, we discussed our shared views that the prosecution of this litigation would benefit from the leadership of investors that have the financial interest and desire to ensure active oversight of this litigation and counsel and maximize the proposed Class' potential recovery.

9. During the July 10, 2019 call, we agreed that, in order to ensure the litigation is prosecuted according to the best interests of the Class, we will exercise joint decision making and work together in this litigation to actively monitor the activities of counsel. In particular, and in

order to fulfill our obligation to supervise counsel and ensure the effective prosecution of the Action, we have established procedures for overseeing the progress of the litigation and communicating with each other and with counsel as needed.  Such procedures include our agreement to review and discuss case filings and other developments with our counsel through joint conference calls, as well as other measures that will ensure the work counsel performs is in the best interests of the Class.  We also implemented communication procedures to enable us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.

10. We selected Entwistle & Cappucci as our counsel based on its experience and reputation in securities litigation and other litigation.  We are familiar with the firm's biography and are satisfied that our counsel are highly skilled in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at our direction, on behalf of ourselves and the Class.

11. Moreover, Entwistle & Cappucci, following our direction to vigorously and efficiently prosecute this litigation, has conferred with defense counsel regarding the schedule and completed service on three international defendants.  We believe the proven track record of this firm demonstrates our counsel's ability to obtain the best possible recovery for the Class.

12. Further, we have directed counsel to advise us of all developments during the Lead Plaintiff motion process and to provide us with updates on a regular basis or as frequently as necessary, on the progress of the litigation.  We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed Class by, among other things, reviewing pleadings, regularly communicating amongst ourselves and with counsel as needed.  We

have communicated our directive that the Action be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our instruction.

13. Based on our communications to date, we do not anticipate that any disagreements between us will arise. We have agreed to make all efforts to reach consensus with respect to all litigation decisions.

14. We are also prepared to personally attend proceedings in the Action, including Court hearings, depositions and settlement mediations when our presence will benefit the proposed Class.

15. In sum, we are committed to the zealous prosecution of the Action and to ensuring the proposed Class obtains the best possible outcome in this litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I, **Shawn Fischman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to FNY Partners Fund LP and myself are true to the best of my knowledge.

Executed this 12 day of July, 2019.

Shawn Fischman
*On Behalf of FNY Partners Fund LP*

Pursuant to 28 U.S.C. § 1746, I, **Mario Epelbaum**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this 12 day of July, 2019.

Mario Epelbaum

Pursuant to 28 U.S.C. § 1746, I, **Scott Dunlop**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this ____ day of July, 2019.

Scott Dunlop

Pursuant to 28 U.S.C. § 1746, I, **Shawn Fischman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to FNY Partners Fund LP and myself are true to the best of my knowledge.

Executed this ____ day of July, 2019.

                                                Shawn Fischman
*On Behalf of FNY Partners Fund LP*

Pursuant to 28 U.S.C. § 1746, I, **Mario Epelbaum**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this ____ day of July, 2019.

                                                Mario Epelbaum

Pursuant to 28 U.S.C. § 1746, I, **Scott Dunlop**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this 12th day of July, 2019.

                                                Scott Dunlop