**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

**DYNAGAS DEFENDANTS' ANSWER TO PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Defendants Dynagas LNG Partners LP ("Dynagas"), Dynagas GP, LLC, Dynagas Holding Ltd., George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, and Levon A. Dedegian (together, the "Dynagas Defendants"), by and through their attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, submit the following Answer to Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") based upon actual knowledge as to themselves and otherwise upon information and belief as to all other persons and events. Defendants reserve the right to supplement and/or amend their Answer and Affirmative and Other Defenses as set forth herein. All allegations (including, but not limited to, assertions in the headings of the Amended Complaint) not expressly admitted are denied. Subject to the foregoing, the Dynagas Defendants answers the Amended Complaint as follows:

Unnumbered Paragraphs: No response is required to the four unnumbered paragraphs at the beginning of the Amended Complaint that purport to describe the claims asserted in the Amended Complaint, which speaks for itself. To the extent a response is required, the Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' purported investigation, and deny the remaining allegations in the four unnumbered paragraphs.

1.      No response is required to the allegations in Paragraph 1 concerning the sustainability of the distribution, which relate solely to claims that the Court dismissed in its

November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 1 concerning Mr. Prokopiou or Dynagas Holding's control of Dynagas, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that Dynagas Holding is beneficially wholly owned by Mr. Prokopiou and certain of his close family members, deny that the allegations in Paragraph 1 present a complete and accurate description of Dynagas Holding's stock sales, and deny the remaining allegations in Paragraph 1.

2.      No response is required to the allegations in Paragraph 2(iii), which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 2(iii), and deny the remaining allegations in Paragraph 2.

3.      No response is required to the allegations in Paragraph 3 concerning the price of Dynagas common units, which the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny that the allegations in Paragraph 3 present a complete and accurate description of the market price of Dynagas common units, and deny the remaining allegations in Paragraph 3.

4.      The Dynagas Defendants admit that Dynagas was created in 2013; that, as of the filing of the Amended Complaint, Dynagas owned six liquified natural gas ("LNG") carriers; that Dynagas Ltd., a company wholly owned by Mr. Prokopiou, performed the technical, administrative, and commercial management of the fleet; and that, as of the filing of the Amended Complaint, certain Dynagas LNG tankers were chartered to Equinor ASA (formerly, Statoil ASA), Gazprom Marketing and Trading Singapore Pte Ltd, and Yamal Pte. Ltd.  The Dynagas Defendants deny the remaining allegations in Paragraph 4.

5.      No response is required to the allegations in Paragraph 5 concerning the quarterly distribution that Dynagas paid to holders of its common units, which the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny that the allegations in Paragraph 5 present a complete and accurate description of the distributions that Dynagas paid to holders of its common units, deny that the allegations present a complete and accurate representation of Dynagas's press releases and public statements, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning opinions of investors and analysts, and deny the remaining allegations in Paragraph 5.

6.      No response is required to the allegations concerning the charter contracts for the *Ob River* or the sustainability of the distribution, which the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny that the allegations in Paragraph 6 present a complete and accurate description of the terms of charter contracts, which speak for themselves.  The Dynagas Defendants deny the remaining allegations in Paragraph 6.

7.      The Dynagas Defendants admit that Dynagas filed a registration statement on December 21, 2017 to offer and sell securities with an aggregate offering price not to exceed $750,000,000, and that the prospectus dated December 21, 2017 was attached to the registration statement.  No response is required to the allegations in Paragraph 7 that purport to characterize and quote Dynagas's December 21, 2017 prospectus, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate.  Further responding, the Dynagas Defendants specifically deny that the prospectus was false or misleading because, *inter alia*, Dynagas issued a press release on December 21, 2017 that described the *Arctic Aurora*

charter as a "new three year charter agreement."  The Dynagas Defendants deny the remaining allegations in Paragraph 7.

8.       No response is required to the allegations in Paragraph 8, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 8.

9.       No response is required to the allegations in Paragraph 9, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 9.

10.      No response is required to the allegations in Paragraph 10, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 10.

11.      No response is required to the allegations in Paragraph 11, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 11.

12.      The Dynagas Defendants admit that Dynagas filed a registration statement on December 21, 2017 to offer and sell securities with an aggregate offering price not to exceed $750,000,000.  The Dynagas Defendants further admit that Dynagas sold 2,200,000 Series B Preferred Units pursuant to the December 21, 2017 registration statement in an October 2018 offering.  No response is required to the allegations in Paragraph 12 that purport to characterize the Offering Materials, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 12.

13.      No response is required to the allegations in Paragraph 13 that purport to characterize Dynagas's November 15, 2018 press release, which speaks for itself.  The Dynagas

Defendants deny that the characterizations are complete or accurate.  Further responding, the

Dynagas Defendants specifically deny that they had been misleading the Company's public

investors because, *inter alia*, Dynagas disclosed in its February 16, 2018 investor presentation

that the new *Arctic Aurora* charter increased Dynagas's contracted revenue backlog by $61

million over three years, which equates to an annualized gross revenue of approximately $20.3

million.  Dynagas had previously disclosed, on April 24, 2014, that the initial charter for the

*Arctic Aurora* would generate annual gross revenues of approximately $28.3 million.  Therefore,

the annual gross income of the new contract was disclosed to be 28% lower than the previous

contract.  An Equity Research Analyst at Morgan Stanley also reached this conclusion based on

the disclosures, stating in a February 16, 2018 report that "DLNG increased the contract backlog

by ~$61 [million] over the charters [sic] firm period, suggesting a charter rate of ~$56 [thousand

per day], nearly 28% below current charter rate."  The Dynagas Defendants deny the remaining

allegations in Paragraph 13.

14.     No response is required to the allegations in Paragraph 14, which relate solely to

claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is

required, the Dynagas Defendants deny the allegations in Paragraph 14.

15.     No response is required to the allegations in Paragraph 15, which relate solely to

claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is

required, the Dynagas Defendants deny the allegations in Paragraph 15.

16.     No response is required to the allegations in Paragraph 16, which relate solely to

claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is

required, the Dynagas Defendants deny the allegations in Paragraph 16.

17.     No response is required to the allegations in Paragraph 17 regarding common units, Series A Units, Dynagas notes and Dynagas call options, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 17.

18.     No response is required to the allegations in Paragraph 18, which merely purport to describe the Amended Complaint, which speaks for itself.  Further, no response is required to Subparagraphs a, b, and c of Paragraph 18, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 18.

19.     No response is required to the allegations in Paragraph 19 to the extent the allegations reference Dynagas units other than Series B Preferred Units, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 19.

20.     No response is required to the allegations in Paragraph 20, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 20.

21.     No response is required to the allegations in Paragraph 21 that consist solely of legal conclusions.  Furthermore, no response is required to the allegations in Paragraph 21 that purport to characterize and quote Dynagas's November 2013 Registration Statement and Prospectus, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 21.

22.     No response is required to the allegations in Paragraph 22, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 22.

23.     No response is required to the allegations in Paragraph 23 that consist solely of legal conclusions.  Furthermore, no response is required to the allegations in Paragraph 23 that purport to characterize and quote the Company's IPO Prospectus and public statements made during an interview, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 23.

24.     The Dynagas Defendants deny the allegations in Paragraph 24.

25.     No response is required to the allegations in Paragraph 25 that consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 25.

26.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     No response is required to the allegations in Paragraph 27, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants admit that the Company filed the Prospectus Supplement for the Series B Preferred Units with the United States Securities and Exchange Commission ("SEC"), and deny the remaining allegations in Paragraph 27.

28.     No response is required to the allegations in Paragraph 28 that purport to characterize and quote public statements made during interviews, which speak for themselves.

The Dynagas Defendants deny that the characterizations are complete or accurate and deny the remaining allegations in Paragraph 28.

29.     No response is required to the allegations in Paragraph 29, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 29.

30.     No response is required to the allegations in Paragraph 30, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 30.

31.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     The Dynagas Defendants admit that Dynagas is a Marshall Islands limited partnership; that Mr. Prokopiou is Dynagas's founder; that Dynagas maintains its principal executive offices at 23, Rue Basse, 98000 Monaco; that, as of the date of the Amended Complaint, Dynagas owned and operated six LNG carriers; that Dynagas derives substantially all of its revenues from charter contracts; that Dynagas has in the past entered into short-term, or "spot," charter contracts; and that one of Dynagas's principal strategies is to enter into long-term

time charters for LNG carriers.  The Dynagas Defendants deny the remaining allegations in Paragraph 35.

36.      The Dynagas Defendants admit the allegations in Paragraph 36.

37.      The Dynagas Defendants admit that Defendant Dynagas Holding Ltd. is a Marshall Islands corporation wholly owned by Mr. Prokopiou and certain of his close family members, and that Dynagas Holding Ltd. owns and operates other LNG tanker ships through its subsidiaries and affiliates other than Dynagas.  The Dynagas Defendants deny the remaining allegations in Paragraph 37.

38.      The Dynagas Defendants admit that Defendant Dynagas GP is a Marshall Island limited partnership; that Dynagas GP has been the general partner of Dynagas since the Company's inception; and that Dynagas GP is wholly owned by members of the Prokopiou family.  The Dynagas Defendants deny the remaining allegations in Paragraph 38.

39.      The Dynagas Defendants admit that as of the filing of the Amended Complaint, Dynagas Holding wholly owned Dynagas GP and owned 43.9% of Dynagas common units.  The Dynagas Defendants further admit that Dynagas Holding wholly owned LNG tankers that Dynagas had the right to purchase.  The Dynagas Defendants deny the remaining allegations in Paragraph 39.

40.      No response is required to the allegations in Paragraph 40, which purport to characterize the Omnibus Agreement, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 40.

41.      The Dynagas Defendants admit that Mr. Prokopiou is the founder of Dynagas and has served as Chairman of Dynagas's Board of Directors since Dynagas's IPO; and that, as of

9

the filing of the Amended Complaint, Dynagas Holding owned 43.9% of Dynagas common units (15,595,000 units) and Dynagas GP owned a 0.1% General Partnership interest in Dynagas. Defendants deny the remaining allegations in Paragraph 41.

42.     The Dynagas Defendants admit that Mr. Lauritzen has served on Dynagas's board of directors and as Dynagas's CEO since 2013; that Mr. Lauritzen is married to Marina Kalliope Prokopiou, Mr. Prokopiou's daughter, and that Mr. Lauritzen signed Dynagas's December 21, 2017 Registration Statement.  The Dynagas Defendants deny the remaining allegations in Paragraph 42.

43.     The Dynagas Defendants admit that Michael Gregos has served as CFO of Dynagas since the Company's IPO in 2013; that Mr. Gregos has served as commercial manager of Dynacom Tankers Management Ltd. ("Dynacom Tankers") since 2009; that Dynacom Tankers was founded by Mr. Prokopiou; that Mr. Gregos served on the board of Ocean Rig UDW Inc. ("Ocean Rig") from 2010 to 2014; that George Economou was the Chairman of Ocean Rig during that period, and that Mr. Gregos signed Dynagas's December 21, 2017 Registration Statement and its October 23, 2018 Registration Statement.  The Dynagas Defendants deny the remaining allegations in Paragraph 43.

44.     The Dynagas Defendants admit that Evangelos Vlahoulis has been a Dynagas board member since 2013 and resides in Greece.  Defendants further admit that Mr. Vlahoulis signed Dynagas's December 21, 2017 Registration Statement.  The Dynagas Defendants deny the remaining allegations in Paragraph 44.

45.     The Dynagas Defendants admit that Alexios Rodopoulos has been a Dynagas board member since 2013 and resides in Athens, Greece.  Defendants further admit that Mr.

Rodopoulos signed Dynagas's December 21, 2017 Registration Statement.  The Dynagas
Defendants deny the remaining allegations in Paragraph 45.

46.     The Dynagas Defendants admit that Levon A. Dedegian has been a Dynagas
board member since 2013, resides in Greece, and was previously the General Manager of
Dynacom Tankers Management LTD, which was founded by Mr. Prokopiou. The Dynagas
Defendants further admit that Mr. Dedegian signed Dynagas's December 21, 2017 Registration
Statement.  The Dynagas Defendants deny the remaining allegations in Paragraph 46.

47.     No response is required to the allegations in Paragraph 47, which merely purport
to describe the Amended Complaint, which speaks for itself.  Defendants deny the remaining
allegations in Paragraph 47.

48.     No response is required to the allegations in Paragraph 48, which merely purport
to describe the Amended Complaint, which speaks for itself.  The Dynagas Defendants deny the
remaining allegations in Paragraph 48.

49.     The Dynagas Defendants deny knowledge or information sufficient to form a
belief as to the truth or falsity of the allegations concerning Defendant UBS, except admit that
UBS was a joint book-runner for the October 2018 Series B Preferred Unit Offering, and that
UBS sold and distributed approximately 825,000 Series B Preferred Units.  The Dynagas
Defendants deny the remaining allegations in Paragraph 49.

50.     The Dynagas Defendants deny knowledge or information sufficient to form a
belief as to the truth or falsity of the allegations against Defendant Stifel, except admit that Stifel
was a joint book-runner for the October 2018 Series B Preferred Unit Offering, and that Stifel
sold and distributed approximately 440,000 Series B Preferred Units.  The Dynagas Defendants
deny the remaining allegations in Paragraph 50.

51.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against Defendant Morgan Stanley, except admit that Morgan Stanley was a joint book-runner for the October 2018 Series B Preferred Unit Offering, and that Morgan Stanley sold and distributed approximately 825,000 Series B Preferred Units.  The Dynagas Defendants deny the remaining allegations in Paragraph 51.

52.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against Defendant B. Riley, except admit that B. Riley was an underwriter for the October 2018 Series B Preferred Unit Offering, and that B. Riley sold and distributed approximately 110,000 Series B Preferred Units.  The Dynagas Defendants deny the remaining allegations in Paragraph 52.

53.     No response is required to the allegations in Paragraph 53, which merely purport to describe the Amended Complaint, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 53.

54.     The Dynagas Defendants admit that Dynagas was founded on May 30, 2013 by Mr. Prokopiou for the purpose of owning, operating, and acquiring LNG carriers and other business activities incidental thereto, and that, at the time of its founding, Dynagas was a wholly-owned subsidiary of Dynagas Holding.  The Dynagas Defendants deny the remaining allegations in Paragraph 54.

55.     The Dynagas Defendants admit that Dynagas was organized as a Marshall Island limited partnership; that Dynagas GP is wholly owned by Dynagas Holding; and that Dynagas Holding serves as Dynagas's general partner.  The Dynagas Defendants deny the remaining allegations in Paragraph 55.

56.     The Dynagas Defendants deny the allegations in Paragraph 56.

57.     The Dynagas Defendants deny the allegations in Paragraph 57.

58.     The Dynagas Defendants deny the allegations in Paragraph 58.

59.     No response is required to the allegations in Paragraph 59 concerning Mr. Prokopiou or Dynagas Holding's control of Dynagas, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 59.

60.     The Dynagas Defendants admit that in October 2013, Dynagas acquired from Dynagas Holding three LNG carriers, which included the *Ob River*, in exchange for common and subordinated units of Dynagas and that the LNG carriers were under time charters with an average remaining term of 3.5 years as of October 28, 2013.  The Dynagas Defendants deny the remaining allegations in Paragraph 60.

61.     No response is required to the allegations in Paragraph 61, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants admit that Dynagas completed its IPO in 2013 and that Dynagas common stock was first listed on the NASDAQ Global Select Market and was then transferred to the New York Stock Exchange.  The Dynagas Defendants deny the remaining allegations in Paragraph 61.

62.     The Dynagas Defendants admit that, as of the filing of this Answer, Mr. Prokopiou has served as Chairman of the Board of Directors of Dynagas since Dynagas's IPO. No response is required to the allegations in Paragraph 62 that purport to characterize Dynagas's SEC filings.  The Dynagas Defendants deny that the characterizations are complete or accurate. The Dynagas Defendants deny the remaining allegations in Paragraph 62.

63.     No response is required to the allegations in Paragraph 63 that purport to characterize Dynagas's November 7, 2013 prospectus, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 63.

64.     No response is required to the allegations in Paragraph 64, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 64.

65.     No response is required to the allegations in Paragraph 65 that relate solely to claims that the Court dismissed in its November 25, 2020 Order.  No response is required to the allegations in Paragraph 65 that purport to characterize and quote quarterly earnings presentations and offering materials, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate.  The Dynagas Defendants admit that Messrs. Lauritzen and Gregos were permitted to know the terms of Dynagas's charter agreements.  The Dynagas Defendants deny the remaining allegations in Paragraph 65.

66.     No response is required to the allegations in Paragraph 66 that purport to characterize and quote a May 14, 2016 article published in *The Motley Fool*, which speaks for itself.  The Dynagas Defendants deny that the quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to investors' opinion of Dynagas. The Dynagas Defendants deny the remaining allegations in Paragraph 66.

67.     The Dynagas Defendants admit that between 2014 and 2015, Dynagas Holding sold three LNG carriers to Dynagas through "drop down" transactions; that Dynagas financed these acquisitions in part with the net proceeds of underwritten offerings and in part with debt; that as of the filing of the Amended Complaint, Dynagas Holding owned 43.9% of Dynagas's

common units; that the three transactions resulted in a total payment to Dynagas Holding of greater than $500 million; that each of the carriers was employed in a contract at the time of acquisition; and that as of December 31, 2015 and thereafter, Dynagas owned six LNG tanker ships, all of which it acquired from Dynagas Holding.  The Dynagas Defendants deny the remaining allegations in Paragraph 67.

68.     No response is required to the allegations in the first sentence of Paragraph 68, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in the first sentence of Paragraph 68.  No response is required to the remaining allegations in Paragraph 68, which purport to characterize and quote a March 25, 2019 article published in the *Wall Street Journal*, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 68.

69.     No response is required to the allegations in Paragraph 69 concerning the *Ob River*, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 69.

70.     No response is required to the allegations in Paragraph 70, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 70.

71.     The Dynagas Defendants admit that as of March 31, 2016, the *Arctic Aurora* was the only LNG tanker ship that was not committed to a charter contract through 2021.  No response is required to the allegations in Paragraph 71 that purport to characterize Dynagas's March 31, 2016 press release, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 71.

72.    The Dynagas Defendants admit that, on December 20, 2017, Dynagas entered into a new long-term charter contract for the *Arctic Aurora*, the same entity to which it was then chartered (Statoil, now called Equinor); and that the day rate to be paid under the December 20, 2017 contract was lower than the day rate under the then-existing contract for the *Arctic Aurora*. The Dynagas Defendants deny the remaining allegations in Paragraph 72.

73.    No response is required to the allegations in Paragraph 73, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 73.

74.    No response is required to the allegations in Paragraph 74, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 74.

75.    The Dynagas Defendants admit that Dynagas filed a shelf registration statement permitting it to issue up to $750 million in new securities on December 21, 2017; and that Dynagas entered into a new charter agreement for the *Arctic Aurora* on December 20, 2017 at a lower charter rate than the prior charter agreement for the *Arctic Aurora*.  No response is required to the allegations in Paragraph 75 that purport to characterize Dynagas's December 21, 2017 prospectus, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 75.

76.    No response is required to the allegations in Paragraph 76 that purport to characterize and quote Dynagas's December 21, 2017 prospectus, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 76.

77.    The Dynagas Defendants deny the allegations in Paragraph 77.

78.     No response is required to the allegations in Paragraph 78 that purport to characterize and quote Dynagas's August 6, 2014 investor presentation, which speaks for itself. The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 78.

79.     No response is required to the allegations in Paragraph 79 that purport to characterize and quote Dynagas's December 21, 2017 prospectus, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 79.

80.     The Dynagas Defendants deny the allegations in Paragraph 80.

81.     No response is required to the allegations in Paragraph 81, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 81, which purport to quote a December 21, 2017 press release, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the quotations are complete or accurate, and deny the remaining allegations in Paragraph 81.

82.     No response is required to the allegations in Paragraph 82, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 82.

83.     No response is required to the allegations in Paragraph 83, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 83, which purport to quote a press release, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the quotations are complete or accurate, deny the remaining allegations in Paragraph 83.

84.     No response is required to the allegations in Paragraph 84, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 84, which purport to quote a February 15, 2018 press release, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the quotations are complete or accurate, and deny the remaining allegations in Paragraph 84.

85.     No response is required to the allegations in Paragraph 85, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 85, which purport to quote from and characterize the transcript of a February 16, 2018 conference call, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the quotations and characterizations are complete or accurate, and deny the remaining allegations in Paragraph 85.

86.     No response is required to the allegations in Paragraph 86, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 86, which purport to quote from and characterize the transcript of a February 16, 2018 conference call, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the quotations and characterizations are complete or accurate, and deny the remaining allegations in Paragraph 86.

87.     No response is required to the allegations in Paragraph 87, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 87.

88.     No response is required to the allegations in Paragraph 88, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 88.

89.     No response is required to the allegations in Paragraph 89, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 89.

90.     No response is required to the allegations in Paragraph 90, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 90.

91.     No response is required to the allegations in Paragraph 91, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 91.

92.     No response is required to the allegations in Paragraph 92, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 92.

93.     No response is required to the allegations in Paragraph 93, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 93.

94.     No response is required to the allegations in Paragraph 94, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 94.

95.     No response is required to the allegations in Paragraph 95, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 95.

96.     No response is required to the allegations in Paragraph 96, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 96.

97.     No response is required to the allegations in Paragraph 97, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 97.

98.     No response is required to the allegations in Paragraph 98, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 98.

99.     No response is required to the allegations in Paragraph 99, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 99.

100.     No response is required to the allegations in Paragraph 100, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 100.

101.     No response is required to the allegations in Paragraph 101, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 101.

102.     No response is required to the allegations in Paragraph 102, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 102.

103.     No response is required to the allegations in Paragraph 103, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 103, which purport to characterize and quote a May 17, 2018 presentation, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 103.

104.     No response is required to the allegations in Paragraph 104, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 104, which purport to characterize a May 17, 2018 presentation, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 104.

105.     No response is required to the allegations in Paragraph 105, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  Furthermore, no response is required to the allegations in Paragraph 105 that purport to characterize and quote a presentation, which speaks for itself.  To the extent a response is required, the Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 105.

106.     No response is required to the allegations in Paragraph 106, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 106.

107.     No response is required to the allegations in Paragraph 107, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 107.

108.     No response is required to the allegations in Paragraph 108, which purport to characterize Dynagas's July 27, 2018 press release and other unidentified disclosures, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate.  Further responding, the Dynagas Defendants specifically deny that they failed to disclose that the *Arctic Aurora* would be chartered at a lower rate because, *inter alia*, Dynagas disclosed in its February 16, 2018 investor presentation that the new *Arctic Aurora* charter increased Dynagas's contracted revenue backlog by $61 million over three years, which equates to an annualized gross revenue of approximately $20.3 million.  Dynagas had previously disclosed, on April 24, 2014, that the initial charter for the *Arctic Aurora* would generate annual gross revenues of approximately $28.3 million.  Therefore, the annual gross income of the new contract was disclosed to be 28% lower than the previous contract.  An Equity Research Analyst at Morgan Stanley also reached this conclusion based on the disclosures, stating in a February 16, 2018 report that "DLNG increased the contract backlog by ~$61 [million] over the charters [sic] firm period, suggesting a charter rate of ~$56 [thousand per day], nearly 28% below current charter rate."  The Dynagas Defendants deny the remaining allegations in Paragraph 108.

109.     No response is required to the allegations in Paragraph 109, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 109.

110.     No response is required to the allegations in Paragraph 110, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 110.

111.     No response is required to the allegations in Paragraph 111, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 111.

112.     The Dynagas Defendants admit that Dynagas sold 2.2 million Series B Preferred Units in an October 2018 Offering.  The Dynagas Defendants deny the remaining allegations in Paragraph 112.

113.     No response is required to the allegations in Paragraph 113 that purport to characterize and quote Dynagas's October 18, 2018 prospectus supplement, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 113.

114.     No response is required to the allegations in Paragraph 114 that purport to characterize and quote a prospectus supplement, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 114.

115.     No response is required to the allegations in Paragraph 115, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 115.

116.    No response is required to the allegations in Paragraph 116, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 116.

117.    No response is required to the allegations in Paragraph 117, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 117.

118.    No response is required to the allegations in Paragraph 118, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 118.

119.    No response is required to the allegations in Paragraph 119, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 119.

120.    No response is required to the allegations in Paragraph 120 that purport to characterize and quote Dynagas's October 18, 2018 prospectus supplement, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 120.

121.    The Dynagas Defendants admit that Dynagas entered into a new charter agreement for the *Arctic Aurora* on December 20, 2017 at a lower charter rate than the prior charter agreement for the *Arctic Aurora*; and that the *Arctic Aurora* was delivered to Statoil on August 2, 2018.  The Dynagas Defendants deny the remaining allegations in Paragraph 121.

122.    The Dynagas Defendants deny the allegations in Paragraph 122.

123.    No response is required to the allegations in Paragraph 123, which purport to characterize Dynagas's November 15, 2018 press release, which speaks for itself.  The Dynagas

Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 123.

124.    No response is required to the allegations in Paragraph 124, which purport to characterize and quote Dynagas's November 15, 2018 press release, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate.  To the extent a response is required, the Dynagas Defendants specifically deny that the Company revealed the lower charter rate for the *Arctic Aurora* for the first time in its November 15, 2018 press release because, *inter alia*, Dynagas disclosed in its February 16, 2018 investor presentation that the new *Arctic Aurora* charter increased Dynagas's contracted revenue backlog by $61 million over three years, which equates to an annualized gross revenue of approximately $20.3 million.  Dynagas had previously disclosed, on April 24, 2014, that the initial charter for the *Arctic Aurora* would generate annual gross revenues of approximately $28.3 million.  Therefore, the annual gross income of the new contract was disclosed to be 28% lower than the previous contract.  An Equity Research Analyst at Morgan Stanley also reached this conclusion based on the disclosures, stating in a February 16, 2018 report that "DLNG increased the contract backlog by ~$61 [million] over the charters [sic] firm period, suggesting a charter rate of ~$56 [thousand per day], nearly 28% below current charter rate."  The Dynagas Defendants deny the remaining allegations in Paragraph 124.

125.    No response is required to the allegations in Paragraph 125, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 125.

126. No response is required to the allegations in Paragraph 126, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 126.

127. No response is required to the allegations in Paragraph 127, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 127.

128. No response is required to the allegations in Paragraph 128, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 128.

129. No response is required to the allegations in Paragraph 129, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 129.

130. No response is required to the allegations in Paragraph 130, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 130.

131. No response is required to the allegations in Paragraph 131, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 131.

132. No response is required to the allegations in Paragraph 132, which relate solely to claims that the Court dismissed in its November 25, 2020 Order. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 132.

133.    No response is required to the allegations in Paragraph 133 that purport to characterize a press release, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 133.

134.    No response is required to the allegations in Paragraph 134 that purport to characterize and quote a March 21, 2019 press release, which speaks for itself.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 134.

135.    No response is required to the allegations in Paragraph 135, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 135.

136.    No response is required to the allegations in Paragraph 136, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 136.

137.    No response is required to the allegations in Paragraph 137, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 137.

138.    No response is required to the allegations in Paragraph 138, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 138.

139.    No response is required to the allegations in Paragraph 139, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 139.

140.    No response is required to the allegations in Paragraph 140, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 140.

141.    No response is required to the allegations in Paragraph 141, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 141.

142.    No response is required to the allegations in Paragraph 142, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 142.

143.    No response is required to the allegations in Paragraph 143, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 143.

144.    No response is required to the allegations in Paragraph 144, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 144.

145.    No response is required to the allegations in Paragraph 145, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 145.

146.    No response is required to the allegations in Paragraph 146, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 146.

147.     No response is required to the allegations in Paragraph 147, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 147.

148.     No response is required to the allegations in Paragraph 148, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 148.

149.     No response is required to the allegations in Paragraph 149, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 149.

150.     No response is required to the allegations in Paragraph 150, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants admit that Dynagas filed a shelf registration statement on December 21, 2017, which speaks for itself.  The Dynagas Defendants deny the remaining allegations in Paragraph 150.

151.     No response is required to the allegations in Paragraph 151, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 151.

152.     No response is required to the allegations in Paragraph 152, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 152.

153.     No response is required to the allegations in Paragraph 153, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 153.

154.     No response is required to the allegations in Paragraph 154, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 154.

155.     No response is required to the allegations in Paragraph 155, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 155.

156.     No response is required to the allegations in Paragraph 156, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 156.

157.     No response is required to the allegations in Paragraph 157, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 157.

158.     No response is required to the allegations in Paragraph 158, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 158.

159.     No response is required to the allegations in Paragraph 159, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 159.

160.     No response is required to the allegations in Paragraph 160, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 160.

161.    No response is required to the allegations in Paragraph 161, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 161.

162.    No response is required to the allegations in Paragraph 162, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 162.

163.    No response is required to the allegations in Paragraph 163, which set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 163.

164.    No response is required to the allegations in Paragraph 164 that consist solely of legal conclusions.  Further, no response is required to the allegations in Paragraph 164 that relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 164.

165.    No response is required to the allegations in Paragraph 165 that consist solely of legal conclusions.  Further, no response is required to the allegations in Paragraph 165 that relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 165.

166.    No response is required to the allegations in Paragraph 166 that consist solely of legal conclusions.  Further, no response is required to the allegations in Paragraph 166 that relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 166.

167.    No response is required to the allegations in Paragraph 167, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 167.

168.    No response is required to the allegations in Paragraph 168, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 168.

169.    No response is required to the allegations in Paragraph 169, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 169.

170.    No response is required to the allegations in Paragraph 170 to the extent such allegations relate solely to claims that the Court dismissed in its November 25, 2020 Order. Furthermore, no response is required to the allegations in Paragraph 170 to the extent they consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 170.

171.    No response is required to the allegations in Paragraph 171, which relate solely to claims that the Court dismissed in its November 25, 2020 Order and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 171.

172.    No response is required to the allegations in Paragraph 172, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants admit that Dynagas common stock is traded on the New York Stock Exchange, that Dynagas filed periodic reports with the SEC and the New York Stock

Exchange, and that Dynagas communicated with public investors.  The Dynagas Defendants deny the remaining allegations in Paragraph 172.

173.     No response is required to the allegations in Paragraph 173, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 173.

174.     No response is required to the allegations in Paragraph 174, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 174.

175.     The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 174, as though set forth herein in their entirety.

176.     No response is required to the allegations in Paragraph 176, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 176.

177.     No response is required to the allegations in Paragraph 177, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 177.

178.     No response is required to the allegations in Paragraph 178, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 178.

179.     No response is required to the allegations in Paragraph 179, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 179.

180.    No response is required to the allegations in Paragraph 180, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 180.

181.    No response is required to the allegations in Paragraph 181, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 181.

182.    No response is required to the allegations in Paragraph 182, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 182.

183.    No response is required to the allegations in Paragraph 183, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 183.

184.    The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 183, as though set forth herein in their entirety.  No response is required to the allegations in the second sentence of Paragraph 184 that set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 184.

185.    No response is required to the allegations in Paragraph 185, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 185.

186.    No response is required to the allegations in Paragraph 186, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 186.

187.     No response is required to the allegations in Paragraph 187, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 187.

188.     No response is required to the allegations in Paragraph 188, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 188.

189.     No response is required to the allegations in Paragraph 189, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 189.

190.     No response is required to the allegations in Paragraph 190, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 190.

191.     No response is required to the allegations in Paragraph 191, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 191.

192.     The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 191, as though set forth herein in their entirety.

193.     No response is required to the allegations in Paragraph 193, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 193.

194.     No response is required to the allegations in Paragraph 194, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is

required, the Dynagas Defendants admit that Dynagas GP is the general partner of Dynagas.  The Dynagas Defendants deny the remaining allegations in Paragraph 194.

195.    No response is required to the allegations in Paragraph 195, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 195.

196.    No response is required to the allegations in Paragraph 196, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 196.

197.    No response is required to the allegations in Paragraph 197, which relate solely to claims that the Court dismissed in its November 25, 2020 Order.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 197.

198.    The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 197, as though set forth herein in their entirety.  No response is required to the allegations in Paragraph 198 that set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 198.

199.    No response is required to the allegations in Paragraph 199, which set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 199.

200.    No response is required to the allegations in Paragraph 200 that consist solely of legal conclusions.  Further, no response is required to the allegations in Paragraph 200 that purport to characterize Dynagas's December 21, 2017 and October 23, 2018 registration

statements, which speak for themselves.  The Dynagas Defendants deny that the characterizations are complete or accurate, and deny the remaining allegations in Paragraph 200.

201.    No response is required to the allegations in Paragraph 201, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants admit that Dynagas was the registrant of its October 2018 offering.  The Dynagas Defendants deny the remaining allegations in Paragraph 201.

202.    No response is required to the allegations in Paragraph 202, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that Messrs. Prokopiou, Lauritzen, Gregos, Vlahoulis, Rodopoulos, and Dedegian signed Dynagas's December 21, 2017 prospectus.  The Dynagas Defendants deny the remaining allegations in Paragraph 202.

203.    No response is required to the allegations in Paragraph 203 that consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 203.

204.    No response is required to the allegations in Paragraph 204 that consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 204.

205.    No response is required to the allegations in Paragraph 205 that consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants admit that the Underwriter Defendants were underwriters to Dynagas's October 2018 offering and that the Underwriter Defendants purchased Series B Preferred Units from Dynagas.  The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205 concerning the Underwriter Defendants sale and distribution of

the Series B Preferred Units.  The Dynagas Defendants deny the remaining allegations in Paragraph 205.

206.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206, which concern the Underwriter Defendants.

207.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 207, which concern Plaintiff Braun and other Class members.

208.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208, which concern Plaintiff Braun and other Class members.

209.     The Dynagas Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 209, which concern Plaintiff Braun and other Class members.

210.     No response is required to the allegations in Paragraph 210, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 210.

211.     The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 210, as though set forth herein in their entirety.  No response is required to the allegations in Paragraph 211 that set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 211.

212.     No response is required Paragraph 212, which sets forth Plaintiffs' characterizations of the action and consists solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 212.

213.     No response is required to the allegations in Paragraph 213, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 213.

214.     No response is required to the allegations in Paragraph 214, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that the Defendant UBS was an underwriter in Dynagas's October 2018 offering, and deny the remaining allegations in Paragraph 214.

215.     No response is required to the allegations in Paragraph 215, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that the Defendant Stifel was an underwriter in Dynagas's October 2018 offering, and deny the remaining allegations in Paragraph 215.

216.     No response is required to the allegations in Paragraph 216, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants admit that the Defendant Morgan Stanley was an underwriter in Dynagas's October 2018 offering, and deny the remaining allegations in Paragraph 216.

217.     No response is required to the allegations in Paragraph 217, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that the Defendant B. Riley was an underwriter in Dynagas's October 2018 offering, and deny the remaining allegations in Paragraph 217.

218.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 218.

219.     The Dynagas Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 219 that concern the Underwriter Defendants, Plaintiff Braun, and other Class members.  The Dynagas Defendants admit that Dynagas provided the Underwriter Defendants $1,732,500 in underwriter discounts.  The Dynagas Defendants deny the remaining allegations in Paragraph 219.

220.     The Dynagas Defendants deny the allegations in Paragraph 220.

221.     The Dynagas Defendants deny the allegations in Paragraph 221.

222.     The Dynagas Defendants deny the allegations in Paragraph 222.

223.     The Dynagas Defendants deny the allegations in Paragraph 223.

224.     The Dynagas Defendants deny the allegations in Paragraph 224.

225.     No response is required to the allegations in Paragraph 225, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 225.

226.     The Dynagas Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1 through 225, as though set forth herein in their entirety.  No response is required to the allegations in Paragraph 226 that set forth Plaintiffs' characterizations of the action and consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 226.

227.     No response is required Paragraph 227, which sets forth Plaintiffs' characterizations of the action and consists solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 227.

228.     No response is required to the allegations in Paragraph 228 that consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants admit that as of October 2018, Mr. Prokopiou was the Chairman of Dynagas's Board of Directors, Mr. Lauritzen was Dynagas's CEO and a Director of Dynagas, Mr. Gregos was Dynagas's CFO; and that Mr. Gregos signed the October 23, 2018 registration statement on Form 8-A. Defendants deny the remaining allegations in Paragraph 228.

229.     The Dynagas Defendants deny the allegations in Paragraph 229.

230.     The Dynagas Defendants deny that Paragraph 230 presents a complete and accurate account of the Individual Defendants' and the Dynagas Entity Defendants' involvement with the operation and management of Dynagas, and deny the remaining allegations in Paragraph 230.

231.     No response is required to the allegations in Paragraph 231, which consist solely of legal conclusions.  To the extent a response is required, the Dynagas Defendants admit that Messrs. Lauritzen and Gregos were executive officers of Dynagas before and after the Series B preferred share offering.  The Dynagas Defendants deny the remaining allegations in Paragraph 231.

232.     No response is required to the allegations in Paragraph 232, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 232.

233.     No response is required to the allegations in Paragraph 233, which consist solely of legal conclusions. To the extent a response is required, the Dynagas Defendants deny the allegations in Paragraph 233.

To the extent any response is required to Plaintiffs' prayer for relief, Defendants deny each and every allegation contained therein and deny that Plaintiffs are entitled to the requested relief.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, the Dynagas Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

Defendants do not waive any affirmative defenses and reserve the right to assert any and all affirmative defenses that may be available after reasonable discovery.

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent they were dismissed by the Court in its Order dated November 25, 2020.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Dynagas disclosed information sufficient for investors to calculate the charter rate for the new *Arctic Aurora* charter when they disclosed in a February 16, 2018 investor presentation that the new *Arctic Aurora* charter increased Dynagas's contracted revenue backlog by $61 million over three years, which equates to an annualized gross revenue of approximately $20.3 million. Dynagas had previously disclosed, on April 24, 2014, that the initial charter for the *Arctic Aurora* would generate annual gross revenues of approximately $28.3 million. Therefore, the annual gross income of the new contract was disclosed to be 28% lower than the previous contract. An Equity Research Analyst

42

at Morgan Stanley also reached this conclusion based on the disclosures, stating in a February 16, 2018 report that "DLNG increased the contract backlog by ~$61 [million] over the charters [sic] firm period, suggesting a charter rate of ~$56 [thousand per day], nearly 28% below current charter rate."

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements, were identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.  Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-2(c)(1)(A), 78u-5(c)(1)(A), and under the bespeaks caution doctrine.

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-2(c)(1)(B), 78u-5(c)(1)(B), because the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were materially false or misleading or the statements were made or approved by an executive officer of Dynagas who did not have actual knowledge that the statements were materially false or misleading.

## Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because, with regard to the "non-expertised" portion of Dynagas's Registration Statements and Prospectuses, the Dynagas Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, the Dynagas Defendants reasonably relied in good faith on information provided by others upon whom the Dynagas Defendants were entitled to rely.

Tenth Affirmative Defense

Plaintiffs' claims against Dynagas GP LLC, Dynagas Holding, and the Individual Dynagas Defendants are barred, in whole or in part, because they are not controlling persons of any of the alleged primary violators and, in any event, acted at all times in good faith and had no knowledge of, or reasonable grounds to believe that, any alleged statement or omission made by any person over whom they allegedly exercised control was false or misleading.

Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged damages for which Plaintiffs seek to hold Defendants responsible arise from depreciation in the share price that was not the result of any material misstatement or omission by Defendants. *See* 15 U.S.C. § 77k(e).

Twelfth Affirmative Defense

Plaintiffs' alleged damages, if any, are speculative and thus not recoverable.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Dynagas Defendants did not intentionally or recklessly make any material misstatements or omissions.  At all times, and with respect to all matters referenced herein, the Dynagas Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported false or misleading nature of the alleged misstatements and omissions.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to adequately plead transaction causation, and Plaintiffs cannot prove transaction causation. Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the alleged misstatements or omissions.  Plaintiffs would have purchased or sold the securities in question at the same price even if the information in question had been revealed to them.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as a result, were available to Plaintiffs and the public, and were at all times reflected in the share price.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations and omissions did not affect the market price of the Company's shares.  The alleged damages for which Plaintiffs seek to hold the Dynagas Defendants responsible arise from depreciation in the share price that was not the result of any material misstatement or omission by the Dynagas Defendants.

<u>Seventeenth Affirmative Defense</u>

Plaintiffs have no basis for recovery of costs and expenses, including attorneys' fees and expert fees, incurred in this action.

<u>Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims</u>

The Dynagas Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation.

WHEREFORE, the Dynagas Defendants respectfully request that this Court dismiss the Amended Complaint and Plaintiffs' claims, enter judgment in favor of Defendants and against Plaintiffs, award Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant Defendants any additional relief that is fair and appropriate.

Dated: February 1, 2021

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
Jeremy T. Adler
WILMER CUTLER PICKERING HALE
    AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
jeremy.adler@wilmerhale.com

Peter J. Kolovos
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
peter.kolovos@wilmerhale.com

*Counsel for Defendants Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holding Ltd., George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, and Levon A. Dedegian*