UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

## THE UNDERWRITER DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants UBS Securities LLC, Morgan Stanley & Co. LLC, Stifel, Nicolaus & Company, Incorporated, and B. Riley FBR, Inc. (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, hereby submit the following Answer, Defenses and Affirmative Defenses (the "Answer")[1] to the Amended Class Action Complaint dated September 26, 2019 (the "Amended Complaint"). The Underwriter Defendants reserve the right to supplement and/or amend their Answer the defenses as set forth herein. All allegations (including, but not limited to, assertions in the headings and figures in the Amended Complaint) not expressly admitted are denied. Subject to the foregoing, the Underwriter Defendants answer the Amended Complaint as follows:

Unnumbered Paragraphs. The Underwriter Defendants deny the allegations in the first four unnumbered paragraphs of the Amended Complaint, except admit that Plaintiffs purport to bring claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act") on behalf of a putative class of persons or

---

[1] Terms used in the Answer shall have the meaning ascribed to them in the Amended Complaint unless otherwise defined herein.

*(cont'd)*

entities who purchased certain securities and respectfully refer the Court to the Amended

Complaint for the claims asserted against each defendant[2], and deny knowledge or information

sufficient to form a belief as to the truth of the allegations in the unnumbered paragraphs relating

to Plaintiffs' purported investigation.

1.      To the extent that the allegations in paragraph 1 of the Amended Complaint relate

to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 1, except admit that Dynagas Holding is

beneficially wholly owned by George J. Prokopiou ("Prokopiou") and certain of his close family

members.

2.      To the extent that the allegations in paragraph 2 of the Amended Complaint relate

to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 2.

3.      To the extent that the allegations in paragraph 3 of the Amended Complaint relate

to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to any Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 3, and respectfully refer the Court to the publicly

reported historical prices for Dynagas securities.

---

[2]     Pursuant to this Court's decision dated November 25, 2020 (ECF No. 102), all of the Exchange Act claims have
been dismissed.  Together and individually, any dismissed claims will be referred to herein as the "Dismissed
Claims" and the remaining Securities Act claims will be referred to herein as the "Remaining Claims."  By this
Answer, the Underwriter Defendants do not place back in issue any Dismissed Claims.

4.      The allegations in paragraph 4 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admit that Dynagas was created in 2013.

5.      To the extent that the allegations in paragraph 5 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the opinions of investors and analysts; and deny the remaining allegations in paragraph 5 and respectfully refer the Court to the publicly reported distributions made by Dynagas and to Dynagas's press releases, public presentations and conference call transcripts for their complete and accurate contents.

6.      To the extent that the allegations in paragraph 6 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 6 and respectfully refer the Court to the referenced contracts for their complete and accurate contents.

7.      To the extent that the allegations in paragraph 7 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 7, except admit that Dynagas filed a shelf registration statement and prospectus on December 21, 2017 and respectfully refer the Court to the referenced registration statement and prospectus for their complete and accurate contents.

8.      To the extent that the allegations in paragraph 8 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 8 and respectfully refer the Court to the referenced press release and the transcript of the referenced conference call for their complete and accurate contents.

9.      To the extent that the allegations in paragraph 9 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 9 and respectfully refer the Court to the referenced press release for its full and accurate contents.

10.      To the extent that the allegations in paragraph 10 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 10 and respectfully refer the Court to the transcript of the referenced conference call and the accompanying presentation for their full and accurate contents.

11.      To the extent that the allegations in paragraph 11 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 11 and respectfully refer the Court to the transcript of the referenced conference call for its full and accurate contents.

12.     To the extent that the allegations in paragraph 12 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 12, except admit that Dynagas filed a shelf registration statement on December 21, 2017 and admit that Dynagas sold 2,200,000 Series B Preferred Units pursuant to the December 21, 2017 registration statement in an October 2018 offering and respectfully refer the Court to the Offering Materials, including the referenced registration statement, for their complete and accurate contents.

13.     To the extent that the allegations in paragraph 13 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 13 and respectfully refer the Court to the referenced press release and transcript of the referenced conference call for their complete and accurate contents.

14.     To the extent that the allegations in paragraph 14 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 14 and respectfully refer the Court to the transcript of the referenced conference call for its complete and accurate contents and to the publicly reported prices for Dynagas securities.

15.     To the extent that the allegations in paragraph 15 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 15 and respectfully refer the Court to the referenced press release for its complete and accurate contents and to the publicly reported historical prices for Dynagas securities.

16.     To the extent that the allegations in paragraph 16 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations asserted in paragraph 16 and respectfully refer the Court to the transcript of the referenced conference call for its complete and accurate contents and to the publicly reported historical prices for Dynagas securities.

17.     To the extent that the allegations in paragraph 17 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 17 and respectfully refer the Court to the publicly reported historical prices for Dynagas's securities.

18.     The Underwriter Defendants deny the allegations in paragraph 18, except admit that Plaintiffs purport to bring claims pursuant to Sections 10(b), 20A and 20(a) of the Exchange Act, which have been dismissed by this Court, and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act.

19.     To the extent that the allegations in paragraph 19 of the Amended Complaint relate to any of the Dismissed Claims, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20.     The allegations in paragraph 20 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 20, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited.

21.     The Underwriter Defendants deny the allegations in paragraph 21 of the Amended Complaint and respectfully refer the Court to Dynagas's referenced public filings for their context and contents.

22.     The allegations in paragraph 22 of the Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 22.

23.     To the extent that the allegations in paragraph 23 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 23 and respectfully refer the Court to Dynagas's IPO Prospectus and the referenced public interview for their complete and accurate contents.

24.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26.     The Underwriter Defendants deny the allegations in paragraph 26 of the Amended Complaint, except admit that they maintain offices in New York, New York; admit that defendants Morgan Stanley & Co. LLC and UBS Securities LLC are headquartered in New

York; and admit that they underwrote the Dynagas Series B Preferred Unit October 2018 offering.

27.     To the extent that the allegations in paragraph 27 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants admit that Dynagas filed the Prospectus Supplement for the Series B Preferred Units with the United States Securities and Exchange Commission ("SEC"); and deny the remaining allegations asserted in paragraph 27 and respectfully refer the Court to Dynagas's press releases, transcripts of conference calls, and public filings for their context and contents.

28.     To the extent that the allegations in paragraph 28 of the Amended Complaint are not directed at the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 28, and respectfully refer the Court to Prokopiou's interview and the Wall Street Journal article for their context and contents.

29.     Paragraph 29 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 29.

30.     Paragraph 30 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 30.

31.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 31 of the Amended Complaint, except deny the allegation that FNY has been damaged.

32.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 32 of the Amended Complaint, except deny the allegation that Mr. Epelbaum has been damaged.

33.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 33 of the Amended Complaint, except deny the allegation that Mr. Dunlop has been damaged.

34.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 34 of the Amended Complaint, except deny the allegation that Mr. Braun has been damaged.

35.     The allegations in paragraph 35 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 35, except admit that Dynagas is a Marshall Islands limited partnership; admit that Prokopiou is Dynagas's founder; admit that Dynagas maintains its principal executive offices at 23, Rue Basse, 98000 Monaco; and admit that Dynagas owns and operates LNG tankers.

36.     The allegations in paragraph 36 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit the allegations in paragraph 36, except deny knowledge or information sufficient to form a belief as the truth of the allegations in the first sentence of paragraph 36.

37.     The allegations in paragraph 37 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is

required, the Underwriter Defendants admit that Defendant Dynagas Holding Ltd. is a Marshall Islands corporation wholly owned by Prokopiou and certain of his close family members; admit and that Dynagas Holding Ltd. owns and operates LNG tanker ships through its subsidiaries and affiliates other than Dynagas; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     The allegations in paragraph 38 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that Defendant Dynagas GP is a Marshall Island limited partnership; admit that Dynagas GP has been the general partner of Dynagas since the Company's inception; admit that Dynagas GP is wholly owned by members of the Prokopiou family; and otherwise deny the allegations in paragraph 38.

39.     The allegations in paragraph 39 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, except admit that Dynagas GP is wholly owned by Dynagas Holding; admit that Dynagas Holding owns a portion of Dynagas; and admit that Dynagas Holding owns and operates LNG tanker ships through its subsidiaries and affiliates other than Dynagas.

40.     The allegations in paragraph 40 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and respectfully refer the Court to the referenced Omnibus Agreement for its complete and accurate contents.

41.    The allegations in paragraph 41 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, except admit that Prokopiou is the founder of Dynagas and has served as chairman of the board of directors of Dynagas; and admit that Dynagas Holding owns a portion of Dynagas.

42.    The allegations in paragraph 42 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, except admit that Tony Lauritzen has served as the CEO of Dynagas and that certain Dynagas filings contain electronic signatures that bear Lauritzen's name.

43.    The allegations in paragraph 43 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, except admit that Michael Gregos has served as the CFO of Dynagas and that certain Dynagas filings contain electronic signatures that bear Gregos' name.

44.    The allegations in paragraph 44 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except admit that Evangelos Vlahoulis has

served on the board of Dynagas and that certain Dynagas filings contain electronic signatures that bear Vlahoulis' name.

45.     The allegations in paragraph 45 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, except admit that Alexios Rodopoulos has served on the board of Dynagas and that certain Dynagas filings contain electronic signatures that bear Rodopoulos' name.

46.     The allegations in paragraph 46 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except admit that Levon Dedegian has served on the board of Dynagas and that certain Dynagas filings contain electronic signatures that bear Dedegian's name.

47.     The allegations in paragraph 47 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that Plaintiffs purport to refer to Prokopiou, Lauritzen, Gregos, Vlahoulis, Rodopoulos and Dedegian collectively as the "Director and Officer Defendants."

48.     Paragraph 48 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 48, except admit that the Underwriter Defendants have not violated the Exchange Act and have not committed fraud or other act of deliberate deception.

49.     The Underwriter Defendants deny the allegations in paragraph 49 of the Amended Complaint, except admit that Defendant UBS is a Delaware limited liability company with its headquarter in New York, and was a joint book-runner for the offering of Dynagas Series B Preferred Units and was allocated approximately 825,000 Series B Preferred Units.

50.     The Underwriter Defendants deny the allegations in paragraph 50 of the Amended Complaint, except admit that Defendant Stifel is headquartered in Saint Louis, Missouri with an office in New York and that Stifel was a joint book-runner for the offering of Dynagas Series B Preferred Units and was allocated approximately 440,000 Series B Preferred Units.

51.     The Underwriter Defendants deny the allegations in paragraph 51 of the Amended Complaint, except admit that Defendant Morgan Stanley is a Delaware limited liability company headquartered in New York and that Morgan Stanley was a joint book-runner for the offering of Dynagas Series B Preferred Units and was allocated approximately 825,000 Series B Preferred Units.

52.     The Underwriter Defendants deny the allegations in paragraph 52 of the Amended Complaint, except admit that Defendant B. Riley was an underwriter for the offering of Dynagas Series B Preferred Units and was allocated approximately 110,000 Series B Preferred Units.

53.     The Underwriter Defendants admit that Plaintiffs purport to refer to Defendants UBS, Stifel, Morgan Stanley and B. Riley collectively as "Underwriter Defendants."

54.     The allegations in paragraph 54 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 54, except admit that Dynagas was founded on May 30, 2013 by Prokopiou and that, at the time of its founding, Dynagas was a wholly-owned subsidiary of Dynagas Holding.

13

55.     The allegations in paragraph 55 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that Dynagas was organized as a Marshall Island limited partnership; admit that Dynagas GP is wholly owned by Dynagas Holding; and admit that Dynagas Holding serves as Dynagas's general partner; and otherwise deny the allegations in paragraph 55.

56.     The allegations in paragraph 56 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     The allegations in paragraph 57 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 57.

58.     The allegations in paragraph 58 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 58.

59.     The allegations in paragraph 59 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 59.

60.     The allegations in paragraph 60 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that in October 2013, Dynagas acquired from Dynagas Holding three LNG carriers, which included the *Ob River*, in exchange for common and

subordinated units of Dynagas; admit that the LNG carriers were under time charters with an average remaining term of 3.5 years as of October 28, 2013; and otherwise deny the allegations in paragraph 60.

61.     To the extent that the allegations in paragraph 61 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, except admit that Dynagas completed its IPO in 2013 and that Dynagas common stock was initially listed on the NASDAQ Global Select Market and was subsequently transferred to the New York Stock Exchange.

62.     The allegations in paragraph 62 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 62 and respectfully refer the Court to Dynagas's public filings for their context and contents, except admit that Prokopiou has served as chairman of Dynagas's board.

63.     To the extent that the allegations in paragraph 63 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 63 and respectfully refer the Court to Dynagas's IPO Prospectus for its context and contents.

64.     To the extent that the allegations in paragraph 64 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 64.

65.     To the extent that the allegations in paragraph 65 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 regarding Lauritzen and Gregos and deny the remaining allegations in paragraph 65 and respectfully refer the Court to Dynagas's quarterly earnings presentations and Offering Materials for their complete and accurate contents.

66.     The allegations in paragraph 66 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and respectfully refer to the Court to *The Motley Fool* article for its complete and accurate contents.

67.     The allegations in paragraph 67 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that between 2014 and 2015, Dynagas Holding sold three LNG carriers to Dynagas through "drop down" transactions; admit that Dynagas financed these acquisitions in part with the net proceeds of underwritten offerings and in part with debt; admit that Dynagas Holding owns a portion of Dynagas; admit that the three transactions resulted in a total payment to Dynagas Holding of greater than $500 million; admit that each of the carriers was employed in a contract at the time of acquisition; admit that as of December 31,

2015, Dynagas owned six LNG tanker ships, all of which it acquired from Dynagas Holding. The Underwriter Defendants otherwise deny the allegations in paragraph 67.

68.     The allegations in paragraph 68 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  Additionally, no response is required to the allegations in the first sentence of paragraph 68, which consist solely of legal conclusions.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 68 and respectfully refer the Court to the referenced *The Wall Street Journal* article for its complete and accurate contents.

69.     To the extent that the allegations in paragraph 69 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 69.

70.     To the extent that the allegations in paragraph 70 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 70.

71.     The allegations in paragraph 71 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that as of March 31, 2016, the *Arctic Aurora* was the only LNG tanker ship that was not committed to a charter contract through 2021 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

72.     The allegations in paragraph 72 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is

required, the Underwriter Defendants admit that, on December 20, 2017, Dynagas entered into a

new long-term charter contract for the *Arctic Aurora* with the same entity to which it was then

chartered (Statoil, now called Equinor); admit that the day rate to be paid under the December

20, 2017 contract was lower than the day rate under the then-existing contract for the *Arctic*

*Aurora*; and otherwise deny the allegations in paragraph 72.

73.     To the extent that the allegations in paragraph 73 of the Amended Complaint

relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  For the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 73.

74.     To the extent that the allegations in paragraph 74 of the Amended Complaint

relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  For the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 74.

75.     The Underwriter Defendants admit that Dynagas filed a shelf registration

statement on December 21, 2017; admit that Dynagas entered into a new charter agreement for

the *Arctic Aurora* on December 20, 2017 at a lower charter rate than the prior charter agreement

for the *Arctic Aurora*; and otherwise deny the allegations in paragraph 75 of the Amended

Complaint and respectfully refer the Court to the shelf registration statement and prospectus for

their complete and accurate contents.

76.     The Underwriter Defendants deny the allegations in paragraph 76 of the Amended

Complaint and respectfully refer the Court to the December 21, 2017 prospectus for its complete

and accurate contents.

77.     The Underwriter Defendants deny the allegations in paragraph 77 of the Amended Complaint.

78.     The Underwriter Defendants deny the allegations in paragraph 78 of the Amended Complaint and respectfully refer the Court to the August 6, 2014 investor presentation for its complete and accurate contents.

79.     The Underwriter Defendants deny the allegations in paragraph 79 of the Amended Complaint and respectfully refer the Court to the December 21, 2017 prospectus for its complete and accurate contents.

80.     The Underwriter Defendants deny the allegations in paragraph 80 of the Amended Complaint.

81.     To the extent that the allegations in paragraph 81 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 81 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

82.     To the extent that the allegations in paragraph 82 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 82 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

83.     To the extent that the allegations in paragraph 83 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 83 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

84.     To the extent that the allegations in paragraph 84 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 84 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

85.     To the extent that the allegations in paragraph 85 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 85 and respectfully refer the Court to the transcript of the referenced conference call and the accompanying presentation for their complete and accurate contents.

86.     To the extent that the allegations in paragraph 86 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 86.

87.     To the extent that the allegations in paragraph 87 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 87 and respectfully refer the Court to the transcript of the referenced conference call for its complete and accurate contents.

88.     To the extent that the allegations in paragraph 88 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 88.

89.     To the extent that the allegations in paragraph 89 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 89 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

90.     To the extent that the allegations in paragraph 90 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 90.

91.     To the extent that the allegations in paragraph 91 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 91 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

92.     To the extent that the allegations in paragraph 92 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 92 and respectfully refer the Court to the transcript of the referenced earnings call for its complete and accurate contents.

93.     To the extent that the allegations in paragraph 93 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 93 and respectfully refer the Court to the transcript of the referenced earnings call for its complete and accurate contents.

94.     To the extent that the allegations in paragraph 94 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 94.

95.     To the extent that the allegations in paragraph 95 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 95 and respectfully refer the Court to the transcript of the referenced earnings call for its complete and accurate contents.

96.     To the extent that the allegations in paragraph 96 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 96 and respectfully refer the Court to the transcript of the referenced earnings call for its complete and accurate contents.

97.     To the extent that the allegations in paragraph 97 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 97.

98.     To the extent that the allegations in paragraph 98 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 98 and respectfully refer the Court to the transcript of the referenced earnings call for its complete and accurate contents.

99.     To the extent that the allegations in paragraph 99 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 99.

100.     To the extent that the allegations in paragraph 100 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 100.

101.     To the extent that the allegations in paragraph 101 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 101 and respectfully refer the Court to the referenced presentation for its complete and accurate contents.

102.     To the extent that the allegations in paragraph 102 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 102.

103.    To the extent that the allegations in paragraph 103 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 103 and respectfully refer the Court to the referenced presentation for its complete and accurate contents.

104.    To the extent that the allegations in paragraph 104 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 104.

105.    To the extent that the allegations in paragraph 105 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    To the extent that the allegations in paragraph 106 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 106 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

107.    To the extent that the allegations in paragraph 107 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 107 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

108.    To the extent that the allegations in paragraph 108 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 108.

109.    To the extent that the allegations in paragraph 109 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 109 and respectfully refer the Court to the transcript of the referenced conference call for its complete and accurate contents.

110.    To the extent that the allegations in paragraph 110 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 110.

111.    To the extent that the allegations in paragraph 111 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 111.

112.    The Underwriter Defendants deny the allegations in paragraph 112 of the Amended Complaint, except admit that Dynagas sold 2.2 million Series B Preferred Units in an October 2018 offering.

113.     The Underwriter Defendants deny the allegations in paragraph 113 of the Amended Complaint and respectfully refer the Court to the final prospectus supplement for its complete and accurate contents.

114.     The Underwriter Defendants deny the allegations in paragraph 114 of the Amended Complaint and respectfully refer the Court to the final prospectus supplement for its complete and accurate contents.

115.     Paragraph 115 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 115.

116.     Paragraph 116 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 116.

117.     Paragraph 117 of the Amended Complaint asserts legal conclusions. Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 117.

118.     The Underwriter Defendants deny the allegations in paragraph 118 of the Amended Complaint.

119.     Paragraph 119 of the Amended Complaint asserts legal conclusions. Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 119.

120.     The Underwriter Defendants deny the allegations in paragraph 120 of the Amended Complaint and respectfully refer the Court to the final prospectus supplement and

Dynagas's Form 20-F for the Fiscal Year ended December 31, 2017 for their complete and accurate contents.

121.    To the extent the allegations in paragraph 121 of the Amended Complaint are legal conclusions, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 121, except admit that Dynagas entered into a new charter agreement for the Arctic Aurora on December 20, 2017 at a lower charter rate than the prior charter agreement for the Arctic Aurora; and admit that the Arctic Aurora was delivered to Statoil on August 2, 2018.

122.    The Underwriter Defendants deny the allegations in paragraph 122 of the Amended Complaint.

123.    The Underwriter Defendants deny the allegations in paragraph 123 of the Amended Complaint and respectfully refer the Court to the referenced press release for its complete and accurate contents.

124.    The Underwriter Defendants deny the allegations in paragraph 124 of the Amended and respectfully refer the Court to the referenced press release for its complete and accurate contents.

125.    To the extent that the allegations in paragraph 125 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 125 and respectfully refer the Court to the transcript of the referenced conference call for its complete and accurate contents.

126.    To the extent that the allegations in paragraph 126 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 126 and respectfully refer the Court to the

transcripts of the referenced earnings calls for their complete and accurate contents.

127.     The allegations in paragraph 127 of the Amended Complaint relate to the

Dismissed Claims.  Accordingly, no response is required.  For the Remaining Claims, to the

extent that a response is required, the Underwriter Defendants deny the allegations in paragraph

127 of the Amended Complaint and respectfully refer the Court to the publicly reported

historical prices for Dynagas common stock.

128.     The allegations in paragraph 128 of the Amended Complaint relate to the

Dismissed Claims.  Accordingly, no response is required.  To the extent that a response is

required, the Underwriter Defendants deny the allegations in paragraph 128 and respectfully

refer the Court to the referenced Seeking Alpha article for its complete and accurate contents.

129.     To the extent the allegations in paragraph 129 of the Amended Complaint relate

to the Dismissed Claims, no response is required.  For the Remaining Claims, to the extent that a

response is required, the Underwriter Defendants deny the allegations in paragraph 129 and

respectfully refer the Court to the publicly reported historical prices for Dynagas common stock.

130.     To the extent that the allegations in paragraph 130 of the Amended Complaint

relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 130 and respectfully refer the Court to the

referenced press release for its complete and accurate contents.

131.     To the extent that the allegations in paragraph 131 of the Amended Complaint

relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is

required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 131 and respectfully refer the Court to the referenced press release for its complete and accurate contents.

132.    To the extent the allegations in paragraph 132 of the Amended Complaint relate to the Dismissed Claim, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 132 of the Amended Complaint and respectfully refer the Court to the publicly reported historical prices for Dynagas securities.

133.    The Underwriter Defendants deny the allegations in paragraph 133 of the Amended Complaint and respectfully refer the Court to the referenced press release for its complete and accurate contents.

134.    The Underwriter Defendants deny the allegations in paragraph 134 of the Amended Complaint and respectfully refer the Court to the referenced press release for its complete and accurate contents.

135.    To the extent that the allegations in paragraph 135 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 135.

136.    To the extent that the allegations in paragraph 136 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 136.

137.    To the extent that the allegations in paragraph 137 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 137 and respectfully refer the Court to the transcript of the referenced call for its complete and accurate contents.

138.    To the extent that the allegations in paragraph 138 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 138 and respectfully refer the Court to the transcript of the referenced call for its complete and accurate contents.

139.    To the extent that the allegations in paragraph 139 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 139.

140.    To the extent that the allegations in paragraph 140 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 140.

141.    To the extent that the allegations in paragraph 141 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 141.

142.    The allegations in paragraph 142 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 142.

143.    The allegations asserted in paragraph 143 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 143.

144.    The allegations in paragraph 144 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 144.

145.    The allegations in paragraph 145 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 145.

146.    The allegations in paragraph 146 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 146.

147.    The allegations in paragraph 147 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response

is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 147.

148.    The allegations in paragraph 148 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 148.

149.    To the extent the allegations in paragraph 149 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 149.

150.    The allegations in paragraph 150 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 150, except admit that Dynagas filed a shelf registration statement on December 21, 2017 and respectfully refer the Court to the registration statement for its complete and accurate contents.

151.    The allegations in paragraph 151 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 151.

152.    The allegations in paragraph 152 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response

is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 152.

153.    The allegations in paragraph 153 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 153.

154.    The allegations in paragraph 154 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 154.

155.    The allegations in paragraph 155 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 155.

156.    The allegations in paragraph 156 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 156.

157.    The allegations in paragraph 157 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 157.

158.     To the extent that the allegations in paragraph 158 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants, no response is required.  As to the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 158, except admit that loss causation is not an element of the alleged claims under the Securities Act.

159.     The allegations in paragraph 159 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 159.

160.     The allegations in paragraph 160 of the Amended Complaint relate to the Dismissed Claims or are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 160.

161.     The allegations in paragraph 161 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 161.

162.     The allegations in paragraph 162 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 162.

163.    The Underwriter Defendants deny the allegations in paragraph 163 of the Amended Complaint, except admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class.

164.    To the extent the allegations in paragraph 164 of the Amended Complaint relate to the Dismissed Claims and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 164.

165.    To the extent the allegations in paragraph 165 of the Amended Complaint relate to the Dismissed Claims and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 165.

166.    To the extent the allegations in paragraph 166 of the Amended Complaint relate to the Dismissed Claims and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 166.

167.    Paragraph 167 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 167.

168.    Paragraph 168 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 168.

169.    Paragraph 169 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 169.

170.    The allegations in paragraph 170 of the Amended Complaint relate to the Dismissed Claims and contain legal conclusions.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 170.

171.    The allegations in paragraph 171 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 171, except admit that reliance is not an element of the alleged claims under the Securities Act.

172.    The allegations in paragraph 172 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 172, except admit that Dynagas common stock is traded on the New York Stock Exchange; admit that Dynagas filed periodic reports with the SEC and the NYSE;  and admit that Dynagas communicated with public investors.

173.    The allegations in paragraph 173 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 173.

174.     The allegations in paragraph 174 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 174.

175.     The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

176.     To the extent the allegations in paragraph 176 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 176.

177.     To the extent the allegations in paragraph 177 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 177.

178.     To the extent the allegations in paragraph 178 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 178.

179.     To the extent the allegations in paragraph 179 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 179.

180.     To the extent the allegations in paragraph 180 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 180.

181.     To the extent the allegations in paragraph 181 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 181.

182.     To the extent the allegations in paragraph 182 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 182.

183.     To the extent the allegations in paragraph 183 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 183.

184.     The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.  The allegations in the second sentence of paragraph 184 are not directed at the Underwriter Defendants and relate to the Dismissed Claims.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in the second sentence of paragraph 184.

185.     The allegations in paragraph 185 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions.

Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 185.

186.    The allegations in paragraph 186 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 186.

187.    The allegations in paragraph 187 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 187.

188.    The allegations in paragraph 188 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 188.

189.    The allegations in paragraph 189 of the Amended Complaint relate to the Dismissed Claims and are not directed at the Underwriter Defendants.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 189 and deny the allegations in the third sentence of paragraph 189.

190.    The allegations in paragraph 190 of the Amended Complaint are not directed at the Underwriter Defendants and relate to the Dismissed Claims.  Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter

Defendants deny the allegations in paragraph 190 and respectfully refer the Court to Section 20A of the Exchange Act for its context and contents.

191.    The allegations in paragraph 191 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 191.

192.    The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

193.    The allegations in paragraph 193 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 193.

194.    The allegations in paragraph 194 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 194, except admit that Dynagas GP is the general partner of Dynagas.

195.    The allegations in paragraph 195 of the Amended Complaint relate to the Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions. Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 195, except admit that Dynagas GP is wholly owned by Dynagas Holding and that Dynagas Holding owns a portion of Dynagas.

196.     The allegations in paragraph 196 of the Amended Complaint relate to the
Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions.
Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is
required, the Underwriter Defendants deny the allegations in paragraph 196.

197.     The allegations in paragraph 197 of the Amended Complaint relate to the
Dismissed Claims, are not directed at the Underwriter Defendants, and contain legal conclusions.
Accordingly, no response is required.  For the Remaining Claims, to the extent that a response is
required, the Underwriter Defendants deny the allegations in paragraph 197.

198.     The Underwriter Defendants repeat and reallege each and every response above
as if fully set forth herein.  Paragraph 198 of the Amended Complaint asserts legal conclusions to
which no response is required.  To the extent that a response is required, the Underwriter
Defendants deny the allegations in paragraph 198.

199.     Paragraph 199 of the Amended Complaint asserts legal conclusions to which no
response is required.  To the extent that a response is required, the Underwriter Defendants deny
the allegations in paragraph 199, except admit that Plaintiffs purport to bring this claim pursuant
to Section 11 of the Securities Act.

200.     Paragraph 200 of the Amended Complaint asserts legal conclusions to which no
response is required.  To the extent that a response is required, the Underwriter Defendants deny
the allegations in paragraph 200 and respectfully refer the Court to the referenced registration
statement and prospectus.

201.     Paragraph 201 of the Amended Complaint asserts legal conclusions to which no
response is required.  To the extent that a response is required, the Underwriter Defendants deny

the allegations in paragraph 201, except admit that Dynagas was the registrant of its October 2018 offering.

202.     Paragraph 202 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 202 of the Amended Complaint, except admit that certain Dynagas filings contain electronic signatures that bear certain Director and Officer Defendants' names.

203.     Paragraph 203 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 203.

204.     Paragraph 204 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 204.

205.     Paragraph 205 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 205, except admit that they were underwriters to Dynagas's October 2018 offering and that they were allocated Series B Preferred Units.

206.     Paragraph 206 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 206.

207.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.     Paragraph 208 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 208.

209.     Paragraph 209 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210.     Paragraph 210 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 210.

211.     The Underwriter Defendants repeat and reallege each and every response above as if fully set forth herein.  Paragraph 211 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 211.

212.     The Underwriter Defendants deny the allegations in paragraph 212 of the Amended Complaint, except admit that Plaintiffs purport to bring this claim pursuant to Section 12(a)(2) of the Securities Act.

213.     Paragraph 213 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 213.

214.     Paragraph 214 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny

the allegations in paragraph 214, except admit that Defendant UBS was an underwriter in Dynagas's October 2018 offering.

215.    Paragraph 215 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 215, except admit that Defendant Stifel was an underwriter in Dynagas's October 2018 offering.

216.    Paragraph 216 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 216, except admit that Defendant Morgan Stanley was an underwriter in Dynagas's October 2018 offering.

217.    Paragraph 217 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 217, except admit that Defendant B. Riley was an underwriter in Dynagas's October 2018 offering.

218.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218.

219.    The Underwriter Defendants deny the allegations in paragraph 219 of the Amended Complaint, except admit that the underwriting discounts and commissions were worth $1,732,500.

220.    Paragraph 220 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 220.

221.     Paragraph 221 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 221.

222.     Paragraph 222 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 222.

223.     Paragraph 223 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 223.

224.     Paragraph 224 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 224.

225.     Paragraph 225 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 225.

226.     The Underwriter Defendants repeat and reallege each and every response above as if fully set forth herein.  Paragraph 226 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 226.

227.     The allegations in paragraph 227 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 227, except admit that Plaintiffs purport to bring this claim pursuant to Section 15 of the Securities Act.

228.    The allegations in paragraph 228 of the Amended Complaint are not directed at the Underwriter Defendants and consist of legal conclusions.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 228, except admit that Prokopiou served as chairman of the board of directors; admit that Lauritzen served as Dynagas's CEO and a member of its board; and admit that Gregos served as Dynagas's CFO.

229.    The allegations in paragraph 229 of the Amended Complaint are not directed at the Underwriter Defendants and contain legal conclusions.  Accordingly, no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 229.

230.    The allegations in paragraph 230 of the Amended Complaint are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230.

231.    The allegations in paragraph 231 of the Amended Complaint are not directed at the Underwriter Defendants and contain legal conclusions.  Accordingly, no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 231, except admit that Lauritzen and Gregos were executive officers of Dynagas.

232.    The allegations in paragraph 232 of the Amended Complaint are not directed at the Underwriter Defendants and contain legal conclusions.  Accordingly, no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 232.

233.    The allegations in paragraph 233 of the Amended Complaint are not directed at the Underwriter Defendants and contain legal conclusions.  Accordingly, no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in paragraph 233.

## ANSWER TO PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs are entitled to relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.  The Underwriter Defendants further deny that this action is appropriate for class action treatment.

## ANSWER TO JURY DEMAND

The Underwriter Defendants deny the allegations of Plaintiffs' demand for jury trial, except admit that Plaintiffs purport to demand a jury trial.  The Underwriter Defendants reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Underwriter Defendants assert the following affirmative and other defenses with respect to the claims Plaintiffs purport to assert in the Amended Complaint.  The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

The Complaint fails to state any claim against the Underwriter Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they were dismissed by the Court in its Order dated November 25, 2020.

## THIRD DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class lack standing to assert some or all of the claims.

## FOURTH DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the offering documents challenged in the Amended Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or valuation of an expert, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the offering documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or that such part of the offering documents did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert or public official document.

## FIFTH DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the offering documents challenged in the Amended Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the

offering documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or extract from the public official document.

## SIXTH DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of any offering documents challenged in the Amended Complaint (1) not purporting to be made on the authority of an expert, (2) not purporting to be a copy of or an extract from a report or valuation of an expert, and (3) not purporting to be made on authority of a public official document or statement, the Underwriter Defendants, after reasonable investigation, had reasonable grounds to believe and did believe, at the time such part of the offering documents became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

## SEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because Dynagas's public disclosures did not contain any false or misleading statements of material fact or omit to state any material facts necessary in order to make any statement made by Dynagas not false or misleading.

## EIGHTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because the matters

now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as a result, were available to Plaintiffs and the public, and were at all times reflected in the share price

### NINTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, at the time Plaintiffs acquired Dynagas Series B Preferred Units, Plaintiffs and members of the putative class knew or should have known of any alleged untrue statement of material fact in the offering documents or of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

### TENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that sufficient information was disclosed for investors to calculate the charter rate for the new Arctic Aurora charter when Dynagas disclosed in a February 15, 2018 investor presentation that the new Arctic Aurora charter increased Dynagas's contracted revenue backlog by $61 million over three years.

### ELEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent the Amended Complaint is based on any forward-looking statement, the claims asserted in the Amended Complaint are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

### TWELFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because certain statements challenged by the Amended Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker.

### THIRTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because the alleged misstatements were mere puffery or were vague statements of optimism.

### FOURTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because neither Dynagas nor the Underwriter Defendants had a duty or breached a duty to disclose any facts allegedly not disclosed.

### FIFTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to recovery from the Underwriter Defendants because any alleged misrepresentations were not material as a matter of law.

### SIXTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from the

Underwriter Defendants because Plaintiffs and members of the putative class did not acquire Dynagas Series B Preferred Units relying on any alleged untrue statement of material fact in the offering documents or relying upon the offering documents and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

## EIGHTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that this case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTIETH DEFENSE

Plaintiffs lacks standing to pursue any claims based on Section 12(a)(2) of the Securities Act of 1933 against the Underwriter Defendants because the Underwriter Defendants were not "sellers" within the meaning of Section 12(a)(2) of the Securities Act and to the extent that Plaintiffs did not purchase Dynagas securities from the Underwriter Defendants within the meaning of Section 12(a)(2) of the Securities Act.

## TWENTY-FIRST DEFENSE

The Amended Complaint fails to state a claim against the Underwriter Defendants based on Section 12(a)(2) of the Securities Act of 1933 to the extent that the Underwriter Defendants were not "sellers" to Plaintiffs and each purported class member within the meaning of Section 12(a)(2) of the Securities Act.

## TWENTY-SECOND DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk due to Plaintiffs and the putative class members' own actions, omissions and/or negligence, including because Plaintiffs and the putative class members knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## TWENTY-THIRD DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and members of the putative class are barred, in whole or in part, by laches, waiver, inequitable conduct, unclean hands or other related equitable doctrines.

## TWENTY-FOURTH DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative class ratified the alleged wrongful acts and omissions alleged in the Complaint.

### TWENTY-FIFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of the Plaintiffs' claims against the Underwriter Defendants are barred by the applicable statutes of limitation and/or statutes of repose.

### TWENTY-SIXTH DEFENSE

Plaintiffs' suit is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act of 1933.

### TWENTY-SEVENTH DEFENSE

Plaintiffs have no basis for recovery of costs and expenses, including attorneys' fees and expert fees, incurred in this action.

### TWENTY-EIGHTH DEFENSE

Plaintiffs and members of the putative class have no damages compensable under Section 11 of the Securities Act of 1933.

### TWENTY-NINTH DEFENSE

Plaintiffs and members of the putative class have no damages compensable under Section 12 of the Securities Act of 1933.

### THIRTIETH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the damages allegedly incurred by Plaintiffs and members of the putative class, if any, are speculative and thus are not recoverable.

### THIRTY-FIRST DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class failed to take reasonable action to minimize any

damages allegedly sustained, and are therefore barred from recovering any damages which might reasonably have been avoided.

## THIRTY-SECOND DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of the alleged damages are not recoverable because some or all of the alleged damages represent other than the depreciation in value of Dynagas Series B Preferred Units resulting from such part of the offering documents, with respect to which the Underwriter Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## THIRTY-THIRD DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any loss or diminution in value of Dynagas Series B Preferred Units, or any alleged damages or injuries suffered by Plaintiffs and members of the putative class, are not the result of any alleged misrepresentations or omissions in the offering documents, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities or of an intervening and independent cause other than the Underwriter Defendants and unrelated to any act or omission on the part of the Underwriter Defendants.

## THIRTY-FOURTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that they are not liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific Dynagas Series B Preferred Units underwritten and distributed by each Underwriter Defendant were offered for sale.

## THIRTY-FIFTH DEFENSE

The Underwriter Defendants adopt and incorporate by reference herein any applicable

affirmative or other defenses asserted or to be asserted by any of the other defendants to the

extent that the Underwriter Defendants may share in such a defense.

WHEREFORE the Underwriter Defendants respectfully request that the Court dismiss

Plaintiffs' claims against them with prejudice, award the Underwriter Defendants their costs and

attorneys' fees and grant any further relief the Court deems just and proper.


Dated: New York, New York
        February 1, 2021

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

By: /s/ Scott D. Musoff
Scott D. Musoff
Maria da Silva
Haichuan Luo
One Manhattan West
New York, New York 10001
Telephone: (212)735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com
maria.dasilva@skadden.com
hadrian.luo@skadden.com

*Attorneys for Defendants UBS Securities
LLC, Morgan Stanley & Co. LLC, Stifel,
Nicolaus & Company, Incorporated, and B.
Riley FBR, Inc.*