**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 1:19-cv-04512 (AJN) |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of May 21, 2021 (the "Stipulation") is entered into between: (a) Lead Plaintiffs FNY Partners Fund LP, Mario Epelbaum and Scott Dunlop (collectively, "Lead Plaintiffs") and named plaintiff Irving Braun ("Braun" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendant Dynagas LNG Partners LP ("Dynagas") and Defendants Dynagas Holding Ltd., Dynagas GP, LLC, George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, Levon A. Dedegian, UBS Securities LLC, Stifel, Nicolaus & Company, Incorporated, Morgan Stanley & Co. LLC and B. Riley FBR, Inc. (collectively with Dynagas, "Defendants"), by and through their undersigned counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve and dismiss with prejudice the Action and all claims asserted therein against Defendants.

---

[1] All terms with initial capitalization not otherwise defined in the body shall have the meanings ascribed to them in ¶ 1, hereto.

WHEREAS:

A.      This instant Action was commenced on May 16, 2019 with the filing of an initial class action complaint in the United States District Court for the Southern District of New York, styled *Mario Epelbaum v. Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holding Ltd., Tony Lauritzen, Michael Gregos and George J. Prokopiou*, 1:19-cv-04512 AJN (S.D.N.Y.), alleging claims arising under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  On July 16, 2019, several motions seeking appointment of lead plaintiff were filed pursuant to Section 21D of the Exchange Act, in a provision added by the Private Securities Litigation Reform Act of 1995.  On August 12, 2019, the Court entered an Order: (i) appointing FNY Partners Fund LP ("FNY"), Mario Epelbaum and Scott Dunlop as Lead Plaintiffs; and (ii) approving the selection of Entwistle & Cappucci LLP as Lead Counsel for the Class.

B.      On September 26, 2019, Plaintiffs filed their Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), which is the operative complaint in this Action.  The Complaint asserts claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder on behalf of shareholders who purchased Dynagas securities between December 21, 2017 and March 21, 2019, claims under Section 20A of the Exchange Act on behalf of Persons that purchased Series B Preferred Units contemporaneously with Dynagas's October 2018 sale of 2.2 million Series B Preferred Units (the "Offering"), and claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all Persons who purchased Series B Preferred Units in or traceable to the Offering.  The claims asserted pursuant to Section 20A of the Exchange Act were brought only on behalf of FNY, Braun and such other Class members whose transactions were contemporaneous with, and

directionally opposite to, Dynagas's sale of Series B Preferred Units in the Offering.  The Claims asserted pursuant to the Securities Act were brought only on behalf of Braun and such other Class members that purchased or otherwise acquired Series B preferred Units in or traceable to the Offering.

C.       On December 5, 2019, Defendants moved to dismiss the Complaint in its entirety.

D.       In Summer of 2020, the Parties discussed conducting a mediation to determine whether they could achieve a settlement of the Action. The Parties selected as mediator the Honorable Jose L. Linares, a former Chief Judge of the United States District Court for the District of New Jersey and scheduled a mediation session for November 13, 2020.  In advance of that session, Plaintiffs and Defendants submitted confidential mediation statements to the mediator on November 5, 2020.  No settlement was reached at the initial mediation session, but the Parties continued to discuss possible settlement in the months that followed.

E.       On November 25, 2020, the Court entered a Memorandum Opinion and Order:  (i) granting Defendants' motion to dismiss as to Plaintiffs' Exchange Act claims; and (ii) denying Defendants' motion to dismiss as to Plaintiffs' Securities Act claims.

F.       On January 7, 2021, the Court entered a Civil Case Management Plan and Scheduling Order pursuant to which, *inter alia*, fact discovery among the parties was to be substantially completed by May 26, 2022.  On February 1, 2021, the Dynagas Defendants and the Underwriter Defendants filed their answers to Plaintiffs' Complaint.  Among other things, the Dynagas Defendants asserted that Dynagas disclosed sufficient information to investors about the new charter rate for the *Arctic Aurora* to defeat Plaintiffs' remaining claims, while the Underwriter Defendants asserted they concluded after conducting a reasonable investigation that the statements in the offering documents were true and contained no material omissions.  On February 23, 2021,

the Parties exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

G.      On March 15, 2021, Lead Counsel and Defendants' Counsel participated in a second mediation session before Judge Linares.  That session concluded after the Parties reached an impasse, and Judge Linares issued a mediator's proposal that the Parties settle the Action for $4,500,000.00 to be paid by or on behalf of the Defendants.  The Parties each accepted the mediator's proposal, thereby agreeing in principle to settle the Action, subject to mutually agreeable terms and conditions, which are set forth in this Stipulation.

H.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement among the Parties.

I.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims that were raised (or that could have been raised) in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.       Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have or could have been asserted in the Action.  Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted

by Plaintiffs, as well as the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe that the claims asserted against them in the Action are without merit, have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, disclaim any and all wrongdoing and liability whatsoever and maintain they have agreed to enter into this Stipulation solely to avoid the burden and expense of further litigation and to put the Released Claims to rest finally and forever.

K.      This Stipulation constitutes a compromise of matters that are in dispute among the Parties. This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Claims shall be finally and fully compromised,

settled and released as against the Released Defense Parties, upon and subject to the terms and conditions set forth below.

## I.     DEFINITIONS

1.       To the extent not otherwise defined herein, as used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)       "Authorized Claimant" means a Settlement Class Member who or which submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, the Exhibits thereto and any order of the Court, and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

(b)       "Claim" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative or foreign law, or any other law, rule or regulation.

(c)       "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, that a Settlement Class Member must

complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(d)     "Claimant" means a Person who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)     "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(f)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(g)     "Class Period" means the period from December 21, 2017 through March 21, 2019, both dates inclusive.

(h)     "Court" means the United States District Court for the Southern District of New York.

(i)     "Defendants' Counsel" means the law firms of Wilmer Cutler Pickering Hale and Dorr LLP and Skadden, Arps, Slate, Meagher & Flom LLP.

(j)     "Effective Date" shall have the meaning set forth in Paragraph 33 of this Stipulation.

(k)     "Escrow Account" means an interest-bearing account maintained at JP Morgan Chase established by the Escrow Agent wherein the Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agent.

(l)     "Escrow Agent" means Entwistle & Cappucci LLP.

(m)     "Escrow Agreement" means the agreement setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(n)     "Final," with respect to the Judgment, or any other court order, means the date by which the Judgment shall have been entered by the Court and either: (i) the time for appeal from the Judgment has expired with no appeal taken; or (ii) if the Judgment is appealed, such appeal is dismissed or withdrawn, or the Judgment has been affirmed in all material respects and is no longer subject to further appeal or other review. Provided, however, that any appeal or proceeding seeking subsequent judicial review pertaining solely to (i) the amount, payment, or allocation of attorneys' fees, costs or expenses, (ii) any award to Plaintiffs or (iii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(o)     "Immediate Family Members" means children, stepchildren, grandchildren, parents, stepparents, grandparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife or a partner in a state-recognized domestic relationship or civil union.

(p)     "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(q)   "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, substantially in the form attached hereto as Exhibit B, or in such other form at the Court may direct.

(r)   "Lead Counsel" means the law firm of Entwistle & Cappucci LLP.

(s)   "Litigation Expenses" means costs and expenses incurred in connection with investigating, commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(t)   "Net Settlement Fund" means the Settlement Fund less any: (i) Taxes; (ii) reasonable Notice and Administration Costs; (iii) Litigation Expenses awarded by the Court; and (iv) attorneys' fees awarded by the Court.

(u)   "Notice" means the Notice of:  (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1 to Exhibit A, which is to be mailed to Settlement Class Members as set forth in the Preliminary Approval Order.

(v)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(w)   "Officer" means any officer as that term is defined in Securities Exchange Act Rule 16a-1(f).

(x)     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assigns.

(y)     "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(z)     "Plaintiffs' Counsel" means Lead Counsel and Additional Counsel for Plaintiff Irving Braun, the Law Offices of Curtis V. Trinko.

(aa)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(bb)    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class substantially in the form attached hereto as Exhibit A, or in such other form as the Court may direct.

(cc)    "Related Parties" means, with respect to each Released Party, the Immediate Family Members, heirs, executors, trustees, administrators, successors, assigns and present and former employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers and agents of each of them, any Person who is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors and successors of each Released Party, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers and agents of each of them.

(dd)    "Released Claims" means and includes any and all Claims, including Unknown Claims, that have been or could have been asserted by or on behalf of Plaintiffs or any member of the Settlement Class in the Action, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Dynagas securities (i) during the Class Period or (ii) in, contemporaneous with, or traceable to the Offering, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

(ee)    "Released Defense Parties" means Defendants and each and all of their Related Parties, including all of the current and former Officers, directors, employees, and insurers of each Defendant.

(ff)    "Releasee(s)" means each and any Person who obtains a release pursuant to the provisions of Paragraphs 5 and 6 of this Stipulation.

(gg)    "Releases" means the releases set forth in Paragraphs 5 and 6 of this Stipulation.

(hh)    "Settlement" means the settlement contemplated by this Stipulation.

(ii)    "Settlement Amount" means $4,500,00.00 (four million five hundred thousand U.S. dollars) in cash. The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Awards to Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses

or fees of any kind whatsoever associated with the Settlement.  Under no circumstances will any Released Defense Party be responsible for any payment beyond this amount.

(jj)     "Settlement Class" means the class for which Lead Plaintiffs will seek certification by the Court for the purpose of this Settlement only, consisting of:  all Persons who, during the Class Period, purchased or otherwise acquired Dynagas securities, purchased or otherwise acquired call options on Dynagas securities or sold or otherwise transferred put options on Dynagas securities.  Excluded from the Settlement Class are Defendants, the Officers and directors of Dynagas at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors or assigns, the corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class, and any Person who submits a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice and that is accepted by the Court.

(kk)     "Settlement Class Member" means each Person who is a member of the Settlement Class.

(ll)     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.  The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.

(mm)     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(nn)     "Summary Notice" means the Summary Notice of: (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached

hereto as Exhibit A-3 to Exhibit A, or in such other form as the Court may direct, to be published as set forth in the Preliminary Approval Order.

(oo)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(pp)   "Underwriter Defendants" means UBS Securities, LLC, Stifel, Nicolaus & Company, Incorporated, Morgan Stanley & Co. LLC and B. Riley FBR.

(qq)   "Unknown Claims" means and includes any and all claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims. This includes claims which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement and the releases set forth herein, including his, her or its decision to object or not to object to this Settlement. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the subject matter of

the Released Claims and the other claims released pursuant to this Stipulation.  The Parties

stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall

expressly waive, and by operation of the Judgment each of the other Settlement Class Members

shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law

of any state or territory of the United States, or principle of common law or foreign law, which is

similar, comparable or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall

be deemed by operation of law to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement.

## II.   CLASS CERTIFICATION

2.      The Judgment shall certify the Settlement Class for purposes of this Settlement.

Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to:

(a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal

Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Plaintiffs as Class

Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel

for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  However,

in the event that the Judgment does not become Final or the Settlement fails to become effective

for any reason, the Parties agree that the Settlement Class shall be decertified without prejudice,

and that the Parties shall revert to their pre-settlement positions.

### III.    **PRELIMINARY APPROVAL OF SETTLEMENT**

3.       Promptly upon execution of this Stipulation, Plaintiffs will submit this Stipulation together with its exhibits to the Court and will move for preliminary approval of the Settlement and the scheduling of a Settlement Hearing, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

### IV.    **RELEASE OF CLAIMS**

4.       The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; (ii) the Releases provided for herein; and (iii) all other terms contained herein.

5.       Pursuant to the Judgment, without further action by anyone, upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, predecessors, partners, successors, representatives, attorneys, agents and assigns in their capacities as such, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Claim against the Released Defense Parties, and shall forever be barred and enjoined from asserting, instituting, commencing or prosecuting any Released Claim against any of the Released Defense Parties directly, indirectly or in any other capacity, in any forum, whether or not such Settlement Class Members execute and deliver a Proof of Claim Form to the Claims Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.

6.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date, the Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, and shall forever be barred from instituting, commencing, or prosecuting, any Claim or Unknown Claim against Plaintiffs, Settlement Class Members or Plaintiffs' Counsel related to their Class-Period transactions in Dynagas securities, this Action or the prosecution thereof.  The release set forth in this Paragraph shall not apply to any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding Paragraphs 5-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## V.      THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Claims against the Released Defense Parties, Dynagas (on behalf of all Defendants) shall cause the Settlement Amount to be paid into the Escrow Account no later than thirty (30) business days after the later of:  (i) the entry of an order by the Court granting preliminary approval of the Settlement, or (ii) the provision to Defendants of all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, address, account name and number, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.  Defendants and their insurers will not be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any

Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

## VI.  USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) all reasonable Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in Paragraphs 22-31 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is

necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Defense Parties shall not have any liability or responsibility for any such Taxes. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of Paragraph 11.

12.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the

Settlement Fund as provided herein.  The Released Defense Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defense Party or any other Person who paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants, all reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the reasonable actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims) and the fees, if any, of the Escrow Agent. Court approval of Notice and Administration Costs shall be required if, and only if, the cumulative amount of such costs would exceed $300,000.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or actually incurred as of the date of termination, including any related fees, shall not be returned or

repaid to Defendants, any of the other Released Defense Parties or any other Person who paid any portion of the Settlement Amount.

## VII.   ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.  Defendants shall take no position with respect to Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys'

fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Plaintiffs' Counsel agree that the law firms and their partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph, and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court, or any other remedy that the Court may determine is appropriate.

17.     The Released Defense Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## VIII.   NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any other Released Defense Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process or disbursement of the Net Settlement Fund, and the Released Defense Parties shall have no liability whatsoever to any Person, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those Settlement Class Members as may be identified through reasonable effort. In this regard "mail" may include electronic communication by email or other messaging platform on which a member of the Settlement Class has agreed to receive communications regarding investment in Dynagas securities.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within twenty-one (21) calendar days of the date of entry of the Preliminary Approval Order, Dynagas shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) shareholder lists of registered holders of Dynagas securities during the Class Period, as set forth in the records of its transfer agent.

20.     No later than fourteen (14) calendar days following the filing of this Stipulation with the Court, Dynagas (on behalf of all Defendants) shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

21.     All Persons who are entitled to be Settlement Class Members shall have the right to exclude themselves, or opt out, from the Settlement Class. Any Person who wishes to elect to opt out must submit a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice (Exhibit A-1 to Exhibit A hereto, at ¶ 52) and

that is accepted by the Court.  All Persons who validly opt out shall be excluded from any and all rights and obligations under the Settlement, but those who or which do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such Person timely files a Proof of Claim Form. The Claims Administrator shall make a good faith effort to provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests within one (1) business day following receipt, but in no event more than four (4) business days after receipt.

22.     The Claims Administrator shall receive Claims and determine, first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Released Defense Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Released Defense Party, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.     Any Settlement Class Member who or which does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against the Released Defense Parties with respect to the Released Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Released Defense Party, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the prerogative, but not the obligation, to waive formal or technical defects in any Claim Forms submitted to the extent they deem such waiver to advance the interests of substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable.

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who or

which fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party with respect to any Released Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator.

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary.

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below.

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty-one (21) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defense Parties with respect to any and all of the Released Claims.

30.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defense Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court or the determination, administration, calculation or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. Plaintiffs and Defendants each expressly waive, and all Settlement Class Members will be deemed to have waived trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## IX.    TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel and Defendants' Counsel shall request that the Court enter a Judgment,

substantially in the form attached hereto as Exhibit B.  As reflected in Exhibit B, the Parties explicitly agree to jointly request that the Court include in the Judgment a contribution bar order, as follows:  To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against any of the Released Defense Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay, are obligated to pay, agree to pay or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum.  The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order."  For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity or advancement by any Released Defense Parties.

## X.  CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33.     The Effective Date shall not occur unless and until each of the following events occur, and it shall be the date upon which the last in time of the following events occurs:

(a)     counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation;

(b)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, or in such other form as the Court may direct;

(c)      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(d)      Dynagas has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(e)      Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(f)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing and entered the Judgment or a final approval order containing materially the same terms;

(g)      the Court has entered the Bar Order;

(h)      the Judgment has become Final; and

(i)      the Action has been dismissed with prejudice.

34.      Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund shall be extinguished and the Releases herein shall be effective.

35.      If:  (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)      Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 16, 2021;

(c)     the terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 12, 14, 16, 38, 51, 52, 53 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     within thirty (30) calendar days after written notification of termination is sent to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less reasonable Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Defendants and/or any entity that paid any portion of the Settlement Amount (or such other Persons as Defendants may direct in writing).

36.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and each Defendant shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to the other Parties to this Stipulation within seven (7) business days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the Court's final refusal to dismiss the Action with prejudice; (e) the entry of an order by which the Judgment is modified or reversed in any material respect by any appeal or review; or (f) the failure on the part of any Party to this Settlement to abide, in material respect, with the terms of this Stipulation.  In the event of such termination, the provisions of Paragraph 35 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses

or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in Paragraph 36 above, Dynagas shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38.     In the absence of any of the events enumerated in this Section, no Party shall have the right to terminate the Stipulation for any reason.

## XI.     NO ADMISSION OF WRONGDOING

39.     Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability, violation of law or damages, and maintain they are entering into the Stipulation, and any other ancillary agreements for settlement to eliminate the burden and expense of further litigation. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor

any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be deemed an admission of the validity or infirmity of any claim or allegation against any Defendant, or the liability or non-liability of any Defendant;

(b)     shall be offered against any of the Released Defense Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defense Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defense Parties or in any way referred to for any other reason as against any of the Released Defense Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)     shall be offered against any of the Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs that any of their claims are without merit, that any of the Released Defense Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d)     shall be construed against any of the Releasees as an admission, concession or presumption that the consideration to be given hereunder represents the amount

which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## XII.   MISCELLANEOUS PROVISIONS

40.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable), any attorneys' fees and Litigation Expenses awarded by the Court to Plaintiffs' Counsel and/or Plaintiffs, and any other award to Lead Plaintiffs shall be returned as provided in ¶ 35.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Released Defense Parties with respect to the Released Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Hon. Jose L. Linares (Ret.), and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any of the Parties concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing, among other things, for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, DocuSign, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     Plaintiffs and Plaintiffs' Counsel represent and warrant that each Plaintiff is a Class Member and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, or in any manner transferred in whole or in part.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

52.     The Releasees who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

53.     Plaintiffs and Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action, agree that (a) they will not intentionally assist or cooperate with any Person in the pursuit of private legal action related to the subject matter of this Action against the Released Defense Parties, (b) they will not intentionally assist or cooperate with any non-governmental Person seeking to publicly disparage or economically harm the Released Defense Parties with respect to any matter relating to the subject matter of this Action, and (c) they will preserve the confidentiality of the negotiations leading to the Settlement and of all documents and information shared with them on a confidential basis in connection with those negotiations and/or the Action.

54.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

56.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.     Lead Counsel and Defendants' Counsel agree to cooperate in good faith with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

> If to Plaintiffs or Lead Counsel:
>
> Entwistle & Cappucci LLP
> Attn:  Andrew J. Entwistle
> Frost Bank Tower
> 401 Congress Avenue
> Suite 1170
> Austin, TX 78701
> Telephone: (512) 710-5960
> Email: aentwistle@entwistle-law.com

If to Defendants:

Wilmer Cutler Pickering Hale and Dorr LLP
Attn:  Michael G. Bongiorno
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Email:  michael.bongiorno@wilmerhale.com

- AND -

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Scott Musoff
One Manhattan West
New York, NY 10001
Telephone: (212)735-3000
Email: scott.musoff@skadden.com

60.     Except as otherwise provided herein, each Party shall bear its own costs.

61.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

62.     The Parties reserve the right, subject to the Court's approval, to extend the time to carry out any of the provisions of this Stipulation as may be necessary.

        **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 21, 2021.

By: _____

Andrew J. Entwistle
ENTWISTLE & CAPPUCCI LLP
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone:  (512) 710-5960
Facsimile: (212) 894-7272
aentwistle@entwistle-law.com

-and-

Robert N. Cappucci
Brendan J. Brodeur
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone:  (212) 894-7200
Facsimile: (212) 894-7272
rcappucci@entwistle-law.com
bbrodeur@entwistle-law.com

*Counsel for Plaintiffs and
Lead Counsel for the Class*

By: _____

Michael G. Bongiorno
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

*Counsel for Defendants Dynagas
LNG Partners LP, Dynagas Holding
Ltd., Dynagas GP, LLC, George J.
Prokopiou, Tony Lauritzen, Michael
Gregos, Evangelos Vlahoulis, Alexios
Rodopoulos, Levon A. Dedegian*

By: _____

Scott D. Musoff
Maria da Silva
Haichuan Luo
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel:  (212) 735-3000
Fax:  (212) 735-2000
scott.musoff@skadden.com
maria.dasilva@skadden.com
hadrian.luo@skadden.com

*Counsel for Defendants UBS
Securities LLC, Morgan Stanley &
Co. LLC, Stifel, Nicolaus &
Company, Incorporated, and B.
Riley FBR, Inc.*

# EXHIBIT A

<div align="right">**Exhibit A**</div>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 1:19-cv-04512 (AJN) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING FORM OF CLASS NOTICE, AND SETTING HEARING DATE FOR FINAL APPROVAL OF SETTLEMENT**

WHEREAS, a consolidated class action is pending before this Court entitled *In re Dynagas LNG Partners LP Securities Litigation*, Civ. A. No. 1:19-cv-04512 (the "Action");

WHEREAS, the parties to the Action consisting of (a) lead plaintiffs FNY Partners Fund LP, Mario Epelbaum and Scott Dunlop (the "Lead Plaintiffs") and named plaintiff Irving Braun (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Dynagas LNG Partners LP ("Dynagas"), Dynagas Holding Ltd., Dynagas GP, LLC, George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, Levon A. Dedegian, UBS Securities LLC, Stifel, Nicolaus & Company, Incorporated, Morgan Stanley & Co. LLC and B. Riley FBR, Inc. (collectively, "Defendants" and, collectively with Lead Plaintiffs, the "Litigation Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice (the "Settlement") on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated May 21, 2021 (the "Stipulation"), subject to approval of this Court;

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purpose of the Settlement only, and authorizing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered:  (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the submissions and arguments in support thereof; and (b) the Stipulation and the exhibits attached thereto (ECF ____); and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons and entities who purchased or otherwise acquired Dynagas LNG Partners LP securities, purchased or otherwise acquired call options on Dynagas securities or sold or otherwise transferred put options on Dynagas securities during the period from December 21, 2017 through March 21, 2019, inclusive (the "Class Period") (the "Settlement Class" and its members the "Settlement Class Members").  Excluded from the Settlement Class are Defendants, the Officers and directors of Dynagas at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors or assigns, the corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class, and any Person who submits a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice and that is accepted by the Court.

2.      **Class Findings** – Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court finds that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds for settlement purposes only that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met or will likely be met:   (1) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (2) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (3) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (4) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class.  The Court also finds for settlement purposes only pursuant to Rule 23(b)(3) that common issues of law and fact predominate and a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel Entwistle & Cappucci LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at _____ a.m., in courtroom 906, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be granted final approval by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice; (c) to determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (d) to determine whether Lead Counsel's anticipated application for an award of attorneys' fees and reimbursement of expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the proposed Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

7.      **CAFA Notice** – As provided in the Stipulation, Defendants are required to serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than fourteen (14) calendar days following the filing of the Stipulation with the Court.  The Defendants shall be solely responsible for the costs of the CAFA notice and administering the

4

CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA § 1715(b).

       8.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "<u>Claims Administrator</u>") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims for the proceeds of the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

       (a)    within twenty-one (21) calendar days of the date of entry of this Order, Dynagas shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) shareholder lists of registered holders of Dynagas securities during the Class Period, as set forth in the records of its transfer agent. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

       (b)    Not later than twenty-eight (28) calendar days after the entry of this Order (the "<u>Notice Date</u>"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "<u>Notice Packet</u>") to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Dynagas or in records in which Dynagas causes to be provided, or who otherwise may be identified through further reasonable effort;

       (c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be

developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)      not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Notice, Claim Form, and Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively; and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable

law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.    **Nominee Procedures** – Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired Dynagas common and preferred units during the Class Period for the benefit of another person or entity.  Such brokers and other nominees shall either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Dynagas LNG Partners LP Securities Litigation,* c/o A.B. Data, Ltd., P.O. Box 173132, Milwaukee, WI 53217 ; or (c) within seven (7) calendar days of receipt of this Notice, provide an electronic copy of the Notice Packet to the beneficial owner by electronic means by which the beneficial owner has agreed to receive communications regarding his, her or its investments in Dynagas securities.[1]  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

---

[1] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday or legal holiday, the time allowed to comply with this provision shall be extended until the end of the next business day.

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Claimant must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived

his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Defense Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in Paragraph 11 above.

14.   **Exclusion From the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Claims Administrator at *In re Dynagas LNG Partners LP Securities Litigation,* EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173132, Milwaukee, WI 53217; and (b) each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Dynagas LNG Partners LP Securities Litigation*, 1:19-cv-04512 (AJN)"; (iii) state the number of Dynagas common units, Dynagas Series A Preferred Units, Dynagas Series B Preferred Units, Dynagas 6.25% Notes and/or options contracts on Dynagas Units purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition

and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action relating to the Settlement, and shall not receive any payment out of the Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Defense Parties, as more fully described in the Stipulation and Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 18 below, such that it is received no later than

twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and show cause, if that Settlement Class Member has any cause why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses unless that Settlement Class Member has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|:---:|:---:|
| Entwistle & Cappucci LLP | Wilmer Cutler Pickering Hale |
| Andrew J. Entwistle | and Dorr LLP |
| Robert N. Cappucci | Michael G. Bongiorno |
| 230 Park Avenue, 3rd Floor | Jeremy T. Adler |
| New York, NY 10169 | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, NY 10007 |
| | |
| | -and- |

11

Skadden, Arps, Slate,  Meagher & Flom,
LLP
Scott D. Musoff
Maria da Silva
Haichuan Luo
One Manhattan West
New York, NY 10001

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Dynagas common units, Dynagas Series A Preferred Units, Dynagas Series B Preferred Units, Dynagas 6.25% Notes and/or options contracts on Dynagas Units er purchased/acquired and/or sold during the Class Period, as well as the dates, number of units, and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the

Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be granted final approval, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defense Parties.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  The Court approves Lead Counsel as Escrow Agent for the Settlement Fund.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order (including the certification of the Settlement Class) shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of March 16, 2021, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defense Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Defense Parties with respect to the truth of any fact alleged or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defense Parties or in any way referred to for any other reason as against any of the Released Defense Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Plaintiffs or any other Settlement Class Member as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any Plaintiff or Settlement Class Member that any of their claims are

without merit, that any of the Released Defense Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defense Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted under thereunder or otherwise to enforce the terms of the Settlement.

27.     Defendants, their counsel, Defendants' insurers, and the other Released Defense Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.

_____

The Honorable Alison J. Nathan
United States District Judge

# EXHIBIT A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash or securities from a settlement in the above class action that, if approved by the Court, will resolve all claims. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

| WHAT THIS NOTICE CONTAINS |
|---|

Notice of Class Action, Notice of Settlement and Identity of Parties, and
    Summary of Recovery From Settlement Terms, and Identity of Parties     Page _

General Information     Page _

Your Legal Rights and Options in the Settlement     Page _

Why Did I Get This Notice?     Page _

What Is This Case About?     Page _

How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class?     Page _

What Are Plaintiffs' Reasons For The Settlement?     Page _

What Might Happen If There Were No Settlement?     Page _

How Are Settlement Class Members Affected By The Action
    And The Settlement?     Page _

What Will I Need To Do To Participate In the Settlement?     Page _

How Much Will My Payment From The Settlement Be?     Page _

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?     Page _

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?     Page _

When And Where Will The Court Decide Whether To Approve The
    Settlement?  Do I Have To Come To The Hearing?  How Do
    I Object?  May I Speak At The Hearing If I Don't Like The Settlement?     Page _

What If I Bought Dynagas Securities On Someone Else's Behalf?          Page _
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page _
Appendix A: Proposed Plan of Allocation of the Net Settlement Fund      Page _

| NOTICE OF CLASS ACTION, NOTICE OF SETTLEMENT AND IDENTITY OF PARTIES, AND SUMMARY OF RECOVERY FROM SETTLEMENT |
| --- |

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Southern District of New York (the "Court") if, during the period from December 21, 2017 through March 21, 2019, inclusive (the "Class Period"), you purchased, or otherwise acquired securities[2] of Dynagas LNG Partners LP ("Dynagas" or the 'Company"), purchased or otherwise acquired call options on Dynagas securities or sold or otherwise transferred put options on Dynagas securities.[3]

**NOTICE OF SETTLEMENT AND IDENTITY OF PARTIES:**  Please also be advised that the four Court-appointed settlement class representatives FNY Partners Fund LP ("FNY"), Mario Epelbaum, Scott Dunlop and Irving Braun (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 19 below), have entered into a stipulation of settlement with the thirteen defendants named in the Action: Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holdings Ltd. ("Dynagas Holding"), George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, Levon A. Dedegian, UBS Securities LLC, ("UBS"), Stifel, Nicolaus & Company, Incorporated ("Stifel"), Morgan Stanley & Co. LLC ("Morgan Stanley"), and B. Riley FBR, Inc. ("B. Riley" and collectively, the "Defendants"). The Settlement, if approved, will resolve all claims in the Action.

**SETTLEMENT CLASS RECOVERY:**  In exchange for mutual releases by the Parties, including release by the Settlement Class of all claims against the Defendants, the Settlement Class will receive a recovery consisting of cash.  In total, the Settlement will provide $4.5 million in cash in recovery to the Settlement Class, less fees and expenses, as described below.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the proposed Settlement, please DO NOT contact the Court, Defendants or**

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated May __, 2021 (the "Stipulation"), which is available at DynagasSecuritiesLitigation.com.

[2] Under the proposed plan of allocation described below, the Dynagas securities eligible to participate in the distribution from the Settlement Fund are the following four securities which are collectively referred to herein as "Dynagas Units": (1) Dynagas common units representing limited partnership interests (NYSE DLNG) (CINS: Y2188B108) ("common units"); (2) Dynagas Series A Fixed to Floating Rate Cumulative Redeemable Perpetual Preferred Units (NYSE DLNG PR A) (CINS: Y2188B116) ("Series A Preferred Units"); (3) Dynagas Series B Fixed to Floating Rate Cumulative Redeemable Perpetual Preferred Units (NYSE DLNG PR B) (CINS: Y2188B124) ("Series B Preferred Units"); and (4) Dynagas 6.25% senior unsecured notes matured October 2019 (CUSIP No. 26780TAA5) ("6.25% Notes").

[3] Under the plan of allocation described below, the options contracts eligible to participate in distribution from the Settlement Fund all reference Dynagas common units.

2

their counsel.   All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 64 below).

<div style="border:1px solid black; text-align:center;">

**GENERAL INFORMATION**

</div>

1.   **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Defendants violated the federal securities laws.  Plaintiffs allege that Dynagas made material misrepresentations and omissions during the Class Period concerning the Company's financial ability to support its quarterly distribution to holders of its common units, as well as the charter rates contained in new charter contracts for two of its tanker ships, the *Ob River* and the *Arctic Aurora*.  These statements included allegedly false and misleading statements in the offering documents for Dynagas' October 2018 offering of 2.2 million Series B Preferred Units (the "October 2018 Offering").  A more detailed description of the Action is set forth in ¶¶ 11-17 below.  The proposed Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 19 below.

2.   **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the other members of the Settlement Class, have agreed to settle the Action in exchange for a payment of $4,500,000.00 in cash (the "Settlement Amount").  The Net Settlement Fund (*i.e.*, the Settlement Amount, plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages ___ (Appendix A) below.

3.   **Estimate of Average Amount of Recovery Per Unit:**  Based on Plaintiffs' damages expert's estimates of the number of Dynagas Units purchased during the Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery is $0.165 per common unit, $0.241 per Series A Preferred Unit, $0.551 per Series B Preferred Unit, and $2.821 per 6.25% Note (each before the deduction of any Court-approved fees, expenses and costs as described herein).  **Settlement Class Members should note, however, that the foregoing average recovery per unit is only an estimate.**  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Dynagas Units, and the total number of shares for which valid Claim Forms are submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages ___ below) or such other plan of allocation as may be ordered by the Court.

4.   **Statement of Potential Outcome of Case and Potential Damages:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertions that they

violated the federal securities laws, or that their alleged conduct caused Settlement Class Members to incur any losses.

5. **Attorneys' Fees and Expenses:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since May of 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Entwistle & Cappucci LLP ("Lead Counsel"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed twenty-five percent of the Settlement Amount. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $150,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class and an award of up to $2,500 per Plaintiff ($10,000 in aggregate) to compensate them for their time in prosecuting the Action. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per eligible Dynagas Unit will be approximately $0.047 per Common Unit, $0.069 per Series A Preferred Unit, $0.157 per Series B Preferred Unit and $0.803 per 6.25% Note.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Andrew J. Entwistle, Esq. of Entwistle & Cappucci LLP, Frost Bank Tower, 401 Congress Avenue, Suite 1170, Austin, Texas 78701, (512) 710-5960, aentwistle@entwistle-law.com; and (ii) Robert N. Cappucci, Esq. of Entwistle & Cappucci LLP, 230 Park Avenue, 3rd Floor, New York, New York 10169, (212) 894-7200, rcappucci@entwistle-law.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the proposed Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. Defendants deny all allegations of wrongdoing or liability whatsoever and are entering into the Settlement solely to eliminate the burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED NO LATER THAN _____. ONLY ONE PROOF OF CLAIM FORM NEEDS TO BE SUBMITTED.[4]** | This is the only way to be eligible to receive a payment from the proceeds of the Settlement. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶ 29 below) that you have against the Defendants and the other Released Defense |

---

[4] Electronically submitted information will be considered "postmarked" on the date it is received by the Claims Administrator.

| | Parties (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defense Parties concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | If you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____ AT _____, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Filing a written objection and notice of intention to appear by _____ allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Proof of Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired the securities of Dynagas during the Class Period (from December 21, 2017 through March 21, 2019, inclusive).  The Court has directed this Notice be sent because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and

the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs, and approved by the Court, will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing").  *See* ¶¶ 54-62 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   Dynagas is a Marshall Islands limited partnership, which owns and operates liquified natural gas tanker ships. In this securities class action, Plaintiffs allege, among other things, that Defendants made false and misleading statements and omissions of material facts between December 21, 2017 and March 21, 2019 concerning the Company's financial ability to support its quarterly distribution as well as the rates of its new long-term charter contracts on two of its tanker ships, the *Ob River* and the *Arctic Aurora*, which Plaintiffs contend each had the effect of artificially inflating the price of certain Dynagas securities. The allegations include claims that the registration statement and prospectus Dynagas issued in connection with an October 2018 offering of Series B Preferred Units (the October 2018 Offering) contained false statements and omitted material facts regarding the charter contract on the *Arctic Aurora*.  The Settlement Class includes all persons and entities who purchased or otherwise acquired Dynagas securities during the Class Period as well as persons and entities who purchased or otherwise acquired call options on Dynagas securities or sold or otherwise transferred put options on Dynagas securities during the Class Period.  Plaintiffs allege that three corrective disclosures, which allegedly revealed the truth concerning Dynagas's financial condition and the contract rates contained in the new charter contracts, caused the market price of Dynagas securities to drop, thereby economically harming Settlement Class Members.

12.   This instant Action was commenced on May 16, 2019 with the filing of an initial class action complaint in the United States District Court for the Southern District of New York, styled *Mario Epelbaum, on behalf of himself and all others similarly situated v. Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holding Ltd., Tony Lauritzen, Michael Gregos, and George Prokopiou*, 1:19-cv-04512-AJN (S.D.N.Y), alleging claims arising under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC") and Section 20(a) of the Exchange Act. On July 16, 2019, several motions seeking the appointment of lead plaintiff(s) were filed pursuant to Section 21D of the Exchange Act, in a provision added by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On August 12, 2019, the Court entered an Order:  (i)

appointing Mario Epelbaum, FNY Partners Fund LP ("FNY") and Scott Dunlop as Lead Plaintiff(s) and (ii) approving Entwistle & Cappucci LLP to serve as Lead Counsel.

13. On September 26, 2019, Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint asserts claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC, Sections 20A and 20(a) of the Exchange Act and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") against Dynagas, Dynagas Holdings, Dynagas GP, George Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos, Levon A. Dedegian, UBS, Stifel, Morgan Stanley and B. Riley. The claims pursuant to Section 20A of the Exchange Act were brought only on behalf of Braun and such other Class members whose transactions were contemporaneous with, and directionally opposite to Dynagas's sale of Series B Preferred Units in the October 2018 Offering. The claims pursuant to the Securities Act were brought only on behalf of Braun and such other Class members that purchased or otherwise acquired Dynagas Series B Preferred Units in or traceable to the October 2018 Offering. In response, Defendants[5] filed motions to dismiss the Complaint on December 5, 2019. That motion was extensively briefed by the Parties.

14. In October 2020, the Parties discussed conducting a mediation to see if they could achieve a settlement of the Action. The Parties selected as mediator the Honorable Jose L. Linares of McCarter & English, LLP, a former United States Chief Judge of the United States District Court for the District of New Jersey and scheduled a mediation session for mid-November 2020. The parties submitted confidential mediation briefs and, on November 13, 2020, Lead Counsel and Defendants' counsel participated in a full-day mediation session before Judge Linares. A settlement was not reached at the mediation.

15. On November 25, 2020, the Court entered an Order: (i) granting the motion to dismiss as to Plaintiffs' Exchange Act claims regarding the alleged materially misleading statements or omissions relating to Dynagas' financial condition and charter contract renewals; and (ii) denying the motion to dismiss as to the alleged materially false and misleading statements and omissions related to Plaintiffs' Securities Act claims regarding the allegedly materially misleading statements or omissions contained in the October 2018 Offering materials. This order meant that the claims asserting fraudulent conduct could not proceed to trial, unless such claims were revived in a second amended complaint or the Court's decision dismissing the claims was overturned on an appeal, which could only happen after the non-fraud claims were resolved. The non-fraud claims, however, were permitted to proceed. Defendants filed their answer and affirmative defenses to the Complaint on February 1, 2021, denying that they engaged in any wrongdoing or committed any violation of the securities laws. On February 23, 2021, the Parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

---

[5] The motion was filed only by the corporate entity defendants and did not include individual Defendants George Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos Levon A. Dedegian, who had not been served at the time it was filed (or, in the case of Defendant Dedegian, at all). These individual Defendants subsequently stipulated on December 7, 2020 to be bound by the Court's November 25, 2020 decision on dismissal.

16.  In late February 2021, the Parties scheduled a second full-day mediation session before Judge Linares, which occurred on March 15, 2021.  A settlement was not reached during that session, which concluded with a mediator's proposal to settle the Action for $4,500,000.00 in cash, to be paid by or on behalf of Defendants.  The Parties all informed the Mediator of their decision to accept the proposal the following day.

17.  That agreement in principle was memorialized in the Stipulation, dated May __, 2021 (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  Consistent with the Parties' agreement in principle, the Settlement resolves all claims, including the Exchange Act claims that had been dismissed by the Court, and including claims based on facts not now known to Plaintiffs or Settlement Class Members.   The Stipulation can be viewed at DynagasSecuritiesLitigation.com.

18.  On ____, 2021 the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

19.  If you are a member of the Settlement Class, you are subject to the terms of the Settlement, unless you timely and validly request to be excluded.  The "Settlement Class" consists of:

> all persons and entities who purchased or otherwise acquired Dynagas securities, purchased or otherwise acquired call options on Dynagas securities or sold or otherwise transferred put options on Dynagas securities during the period from December 21, 2017 through March 21, 2019, inclusive.

Excluded from the Settlement Class are Defendants, the Officers and directors of Dynagas at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors or assigns, the corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest.  Also excluded from the Settlement Class shall be any persons or entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class in accordance with the requirements set forth in this Notice and whose request is accepted by the Court.  *See* "What if I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

If you owned Dynagas securities or call options on Dynagas securities that you did not purchase or otherwise acquire during the Class Period (from December 21, 2017 through March 21, 2019, inclusive) or put options that you did not sell or otherwise transfer during the Class Period, then you are not a Settlement Class Member by virtue of such ownership, and any losses you incurred on those Securities or options will not cause or increase any recovery in this Settlement.

If, during the Class Period, you purchased or otherwise acquired Dynagas securities other than Dynagas Units[6] or purchased or otherwise acquired call options on Dynagas securities other than Dynagas common units or sold or otherwise transferred put options on Dynagas securities other than Dynagas common units, you are a Settlement Class Member and will be bound by the Settlement, but you will not be eligible receive proceeds from the Settlement by virtue of such purchases/acquisitions and/or sales/transfers.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

20.   Plaintiffs and Lead Counsel believe that the claims asserted against the Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the potential challenges associated with proving that there were material misstatements and omissions in the public statements and public SEC filings at issue.  Indeed, Plaintiffs' Exchange Act claims have already been dismissed by the Court, in part because the Court found that the allegations did not give rise to a strong inference that Defendants acted with fraudulent intent. There is a substantial likelihood that these Exchange Act claims would not be revived on appeal or reconsideration by the Court, and, even if they were, Plaintiffs might be unable to prove the allegations and overcome Defendants' defenses at trial.  Regarding the Securities Act claims (i.e. the only claims in the Complaint that the Court did not dismiss), Defendants argue, among other things, that the language in the prospectus about the new charter for the *Arctic Aurora* vessel being in "direct continuation of the Current Charter" was neither false nor misleading because it referred to the absence of a gap in time between the charter contracts, not the rate of the new charter. Further, Defendants assert this statement could not and did not cause investors to believe that the new charter rate for the *Arctic Aurora* was at the same rate as the current charter, because Dynagas had previously disclosed information that permitted investors to calculate the new charter rate for the *Arctic Aurora* before the commencement of the October 2018 Offering. In addition, Defendants assert Plaintiffs' control person claims must fail because there was no primary violation and, separately, because Plaintiffs cannot prove culpable participation by any of the alleged control persons. Thus, there were very significant risks attendant to the continued prosecution of the claims against the Defendants.

---

[6] The "Dynagas Units" are: (1) Dynagas common units; (2) Dynagas Series A Preferred Units; (3) Dynagas Series B Preferred Units; and (4) Dynagas 6.25% Notes which are defined in Footnote 2, above.

21.  There were also risks related to establishing loss causation and damages.  Defendants have asserted a negative causation defense and a due diligence defense, and deny that a class should even be certified (for any purpose other than the Settlement). Had any of these arguments been accepted in whole or in part, they could have eliminated or limited Settlement Class Members' potential recovery.  Further, in order to succeed, Plaintiffs would have had to prevail at several stages – obtaining class certification, on a motion for summary judgment, at trial, and with respect to the dismissed Exchange Act claims, a second motion to dismiss.  Even if Plaintiffs prevailed at each of these stages, they would likely need to defend appeals.  Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.  Finally, nine of the Defendants reside outside of the United States, increasing the risk that Plaintiffs would be unable to execute a judgment in their favor against these Defendants promptly, or at all.

22.  In light of these risks, including the uncertainty of any recovery for the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $4.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against the Defendants might produce a smaller recovery, or no recovery at all, after summary judgment, trial, and appeals and international execution of judgment.

23.  Defendants have denied, and continue to deny, the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants also have denied, and continue to deny, that the Settlement Class has suffered any losses or damages. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission by the Defendants of any wrongdoing, liability, loss causation or measure of damages.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24.  If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Defendants, neither Plaintiffs nor the other Settlement Class Members, would recover anything from these Defendants.  Also, if Defendants were successful in establishing any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less from the Defendants than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS
## AFFECTED BY THE ACTION AND THE SETTLEMENT?

25.  If you are a Settlement Class Member, you are represented by the Court-appointed Settlement Class Representatives (Plaintiffs) and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section

entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

27. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by the Stipulation and any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined in ¶ 29 below) against the Defendants and the other Released Defense Parties (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

29. "Released Claims" means and includes any and all Claims, including Unknown Claims, that have been or could have been asserted by or on behalf of Lead Plaintiff or any member of the Settlement Class in the Action, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Dynagas securities (i) during the Class Period or (ii) in, contemporaneous with, or traceable to the October 2018 Offering, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

30. "Released Defense Parties" means Defendants and each and all of their Related Parties, including all of the current and former Officers, directors, employees, and insurers of each Defendant.

31. "Unknown Claims" means and includes any and all claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims. This includes claims which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement and the releases set forth herein, including his, her, or its decision to object or not to object to this Settlement. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged,

that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the subject matter of the Released Claims and the claims released pursuant to the Stipulation. The Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and by operation of the Judgment each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants have acknowledged, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.   Pursuant to the Judgment, without further action by anyone, upon the Effective Date, the Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, and shall forever be barred from instituting, commencing, or prosecuting, any Claim or Unknown Claim against Plaintiffs, Settlement Class Members or Plaintiffs' Counsel related to their Class-Period transactions in Dynagas securities, this Action or the prosecution thereof.  The release set forth in this Paragraph shall not apply to any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

## WHAT WILL I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

33.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than** _____.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, DynagasSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-235-9861. Please retain all records of your ownership of and transactions in Dynagas securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENT BE?** |
|---|

34.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

35.  Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid four million five hundred thousand dollars ($4,500,000.00) in cash.  The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less:  (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who or which submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

36.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

37.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

38.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39.  Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked on or before _____ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Claims (as defined in ¶ 29 above) against the Released Defense Parties (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting or pursuing any of the Released Claims against any of the Released Defense Parties, whether or not such Settlement Class Member submits a Claim Form.

40.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Dynagas securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they held outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or sales of Dynagas securities during the Class Period may be made by the ERISA Plan's trustees. To the extent any of the Defendants or any of the other persons or entities

13

excluded from the Settlement Class are participants in such an ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

41.  The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the Claim of any Settlement Class Member.

42.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

43.  Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Dynagas securities, purchased or acquired call options on Dynagas securities or sold or transferred call options on Dynagas securities during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

44.  The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members according to their alleged economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial, if successful.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making pro rata allocations of the Net Settlement Fund.

45.  Under the proposed plan of allocation, Recognized Loss Amounts related to transactions in Dynagas common units, Dynagas Series A Preferred Units or Dynagas 6.25% Notes are calculated as 0.75 multiplied by the difference in the amount of alleged artificial inflation in the prices of at the time of purchase and at the time of sale. The Recognized Loss Amounts related to transactions in Dynagas Series B Preferred Units will be calculated as the greater of: (a) 0.75 multiplied by the difference in the amount of alleged artificial inflation in the prices of at the time of purchase and at the time of sale; or (b) the statutory damages available pursuant to Section 11 of the Securities Act, assuming the truth of the allegations in the Complaint and the failure of all defenses.  For call options on Dynagas common units, the recognized loss will be 0.75 multiplied by the change in market price of each call option held over at least one corrective disclosure date ("Corrective Disclosure Date") on that (those) Corrective Disclosure Date(s). For put options on Dynagas common units, the recognized loss will be negative 0.75 multiplied by the change in market price of each put option held in a short position over at least one Corrective Disclosure Date on that (those) Corrective Disclosure Date(s).

46.  In order to be eligible for a recovery under the Plan of Allocation, Dynagas securities or call options on Dynagas securities purchased or acquired during the Class Period must have been held through one or more of the three dates on which Plaintiffs allege that the amount of artificial inflation in Dynagas securities decreased (the "Corrective Disclosure Dates").  Similarly, in order to be eligible for a recovery under the Plan of Allocation, put options on Dynagas

securities sold or transferred during the Class Period must have been sold or transferred prior to a Corrective Disclosure Date and remained open through one or more subsequent Corrective Disclosure Date.  Under the Plan of Allocation, the Corrective Disclosure Dates are:  November 16, 2018, January 28, 2019, and March 23, 2019. The proposed Plan of Allocation is included in this Notice as Appendix A.

47.   Under the proposed plan of allocation the Recognized Loss Amount related to Dynagas securities and options other than Dynagas Units and put and call options on Dynagas Units is zero.   Claims relating to any such securities and options are nevertheless released by the Settlement.

48.   Derivative instruments other than put and call options on Dynagas securities (*e.g.* forward contracts, swaps, etc.) ("Exotic Derivatives"), to the extent they may have existed, are not included in the Settlement.  You are not a Settlement Class Member by virtue of any holdings or transactions in such instruments, you are not entitled to any recovery by virtue of any holdings or transactions in such instruments, and you are not bound by the Settlement by virtue of any holdings or transactions in such Exotic Derivatives.  However, if you are otherwise a Settlement Class Member (*e.g.* if you also purchased Dynagas Units or transacted in put options or call options on Dynagas securities during the Class Period), any claims you may have based on your holdings or transactions in Exotic Derivatives may be forever released by operation of the final judgment if you do not exclude yourself from the Settlement Class as described in ¶¶ 50-53, below.

| |
|---|
| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?** |

49.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed twenty-five percent of the Settlement Amount.  At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $150,000 which may include an application for reimbursement for reasonable time and costs expended by Plaintiffs directly related to their representation of the Settlement Class not to exceed $10,000 in aggregate.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| |
|---|
| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?** |

50. Each Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Dynagas LNG Partners LP Securities Litigation,* EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be

*received* no later than _____.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Dynagas LNG Partners LP Securities Litigation*, Civil Action No. 19-cv-04512 (AJN);" (c) state the number of Dynagas Units and options on Dynagas Units that the person or entity requesting exclusion purchased/acquired and sold during the Class Period and the statutory "lookback" period (December 21, 2017 through June 19, 2019, inclusive for common units, Series A Preferred Units, 6.25% Notes and options, and **December 21, 2017 through September 26, 2019 for Series B Preferred Units**) as well as the dates and prices of each such purchase/acquisition and sale, and provide appropriate documentary proof of such purchases/acquisitions and sales; and (d) be signed by the person or entity requesting exclusion or an authorized representative under penalty of perjury.  A Request for Exclusion shall not be valid and effective unless it provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

51.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding relating to any Released Claim against any of the Released Defense Parties.

52.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

53.  Dynagas has the right to terminate the Settlement if valid requests for exclusion are received in an amount that exceeds an amount agreed to by Defendants and Plaintiffs.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  HOW DO I OBJECT?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

54.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  Settlement Class Members can participate in the Settlement without attending the Settlement Hearing.  Please Note:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  You should monitor the Court's docket and the website maintained by the Claims Administrator, DynagasSecuritiesLitigation.com, before making plans to attend the Settlement Hearing.  You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.**

55.  The Settlement Hearing will be held on _____., before the Honorable Alison J. Nathan at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom 906, New York, New York 10007. The Court will consider whether to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

56.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____ .  You must also mail the papers to Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____ .

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Office of the Clerk United States District Court for the Southern District of New York Daniel Patrick Moynihan U.S Courthouse 500 Pearl Street New York, NY 10007 | **Entwistle & Cappucci LLP** Andrew J. Entwistle Frost Bank Tower 401 Congress Avenue, Suite 1170 Austin, TX 78701 | **Wilmer Cutler Pickering Hale and Dorr LLP** Michael G. Bongiorno Jeremy T. Adler 7 World Trade Center 250 Greenwich Street New York, NY 10007 |
| | and | and |
| | Robert N. Cappucci 230 Park Avenue, 3rd Floor New York, NY 10169 | **Skadden, Arps, Slate, Meagher & Flom, LLP** Scott D. Musoff Maria da Silva Haichuan Luo One Manhattan West New York, NY 10001 |

57.  Any objection:  (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Dynagas securities and options on Dynagas securities the person or entity objecting purchased/acquired and sold during the Class Period and lookback period (December 21, 2017 through June 19, 2019, inclusive) as well as the dates and prices of each such purchase/acquisition and sale/transfer.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.

58.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

17

59.  If you wish to be heard orally at the Settlement Hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that the notice is ***received*** on or before_____.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

60.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that the notice is ***received*** on or before _____.

61.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel or review the Court's docket.

62.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT DYNAGAS SECURITIES ON SOMEONE ELSE'S BEHALF?

63.  If you purchased or otherwise acquired Dynagas securities or call options on Dynagas securities from December 21, 2017 through March 21, 2019, inclusive (the Class Period), or sold or transferred put options on Dynagas securities during the Class Period, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Dynagas LNG Partners LP Securities Litigation,* c/o A.B. Data, Ltd., P.O. Box 173132, Milwaukee, WI 53217; or (c) within seven (7) calendar days of receipt of this Notice, provide an electronic copy of the Notice Packet to the beneficial owner by electronic means by which the beneficial owner has agreed to receive communications regarding his, her or its investments in Dynagas securities.[7]  If you choose option (b), the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this

---

[7] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday or legal holiday, the time allowed for you to comply with this provision shall be extended until the end of the next business day.

Notice may also be obtained from the website maintained by the Claims Administrator, DynagasSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 877-235-9861, or by emailing the Claims Administrator at info@DynagasSecuritiesLitigation.com

| |
|---|
| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

64.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S Courthouse. 500 Pearl Street, New York, New York 10007. Additionally, copies of the Complaint, the briefing and order on Defendants' Motion to Dismiss, and the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, DynagasSecuritiesLitigation.com.

**Requests for the Notice or to be added to the mailing list for future notices in the Action should be made to:**

*In re Dynagas LNG Partners LP Securities Litigation.* c/o A.B. Data, Ltd.
P.O. Box 173132, Milwaukee, WI 53217
info@DynagasSecuritiesLitigation.com

**Inquiries, other than requests for the Notice, should be made to Lead Counsel:**

Andrew J. Entwistle, Esq.
ENTWISTLE & CAPPUCCI LLP
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701
(512) 710-5960
aentwistle@entwistle-law.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Order of the Court
United States District Court
Southern District of New York

**Appendix A**
**Plan of Allocation**

1.   For Dynagas Units[8] purchased or otherwise acquired between December 21, 2017 and March 21, 2019:

    A.   For each Dynagas Unit held at the end of trading on June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

        (1)   the applicable purchase date artificial inflation per unit figure, as found in Table A; or

        (2)   the difference between the purchase price per unit and the applicable average closing price between March 22, 2019 and June 19, 2019, as found in Table B.[9]

    B.   For each Dynagas Unit sold between March 22, 2019 and June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

        (1)   the applicable purchase date artificial inflation per unit figure, as found in Table A; or

        (2)   the difference between the purchase price per unit and the sales price per unit; or

        (3)   the difference between the purchase price per unit and the applicable average closing price between March 22, 2019 and the date of sale, as found in Table B.[10]

---

[8] The following four securities are collectively referred to herein as "Dynagas Units": (1) Dynagas common units representing limited partnership interests (NYSE DLNG) (CINS: Y2188B108) ("common units"); (2) Dynagas Series A Fixed to Floating Rate Cumulative Redeemable Perpetual Preferred Units (NYSE DLNG PR A) (CINS: Y2188B116) ("Series A Preferred Units"); (3) Dynagas Series B Fixed to Floating Rate Cumulative Redeemable Perpetual Preferred Units (NYSE DLNG PR B) (CINS: Y2188B124) ("Series B Preferred Units"); and (4) Dynagas 6.25% Senior Unsecured Notes that matured October 2019 (CUSIP No. 26780TAA5) ("Dynagas 6.25% Notes").

[9] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated.

[10] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

C.    For each Dynagas Unit sold between December 21, 2017 and March 21, 2019, the Exchange Act Recognized Loss shall be the lesser of:

    (1)    the applicable purchase date artificial inflation per unit figure less the applicable sales date artificial inflation per unit figure, as found in Table A; or

    (2)    the difference between the purchase price per unit and the sales price per unit.

2.    For call options on Dynagas Units ("call options") purchased or otherwise acquired to initiate or increase a long position during the Class Period:

A.    For each call option[11] held at the end of trading on June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

    (1)    the applicable purchase date per-option artificial inflation figure;[12] or

    (2)    the difference between the purchase price and the applicable average closing price between March 22, 2019 and June 19, 2019.

B.    For each call option sold[13] between March 22, 2019 and June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

    (1)    the applicable purchase date per-option artificial inflation figure; or

    (2)    the difference between the purchase price per option and the sales price per option; or

    (3)    the difference between the purchase price and the applicable average closing price between March 22, 2019 and the date of sale.

C.    For call each option sold between December 21, 2017 and March 21, 2019, the Exchange Act Recognized Loss shall be the lesser of:

    (1)    the applicable purchase date per-option artificial inflation figure less the applicable sales date per-option artificial inflation figure; or

    (2)    the difference between the purchase price and the sales price.

3.    For put options on Dynagas Units ("put options") written or otherwise sold to initiate or increase a short position during the Class Period:

A.    For each put option open at the end of trading on June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

---

[11] Per option figures for both call options and put options will be adjusted to reflect the number of Dynagas Units underlying each option.

[12] In accordance with the process used to estimate artificial price inflation for the Dynagas Units, artificial inflation per call option will be calculated by accumulating market price declines, if any, that occurred on each Corrective Disclosure Date.

[13] The sales price for call options that were exercised or expired without exercise is deemed to be zero.

(1)     the applicable sale date per-option artificial deflation figure;[14] or

(2)     the difference between the applicable average closing price between March 22, 2019 and June 19, 2019 and the sale price.

B.     For each put option repurchased[15] between March 22, 2019 and June 19, 2019, the Exchange Act Recognized Loss shall be the lesser of:

(1)     the applicable per-option sale date artificial deflation figure; or

(2)     the difference between the repurchase price and the sales price; or

(3)     the difference between the applicable average closing price between March 22, 2019 and the date of repurchase and the sale price.

C.     For each put option repurchased between December 21, 2017 and March 21, 2019, the Exchange Act Recognized Loss shall be the lesser of:

(1)     the applicable sale date per-option artificial deflation figure less the applicable purchase date per-option artificial deflation figure; or

(2)     the difference between the repurchase price and the sale price.

4.   For each Series B Preferred Unit purchased or otherwise acquired between October 16, 2018 and March 21, 2019, the Securities Act Recognized Loss shall be the difference between the purchase price per share (not to exceed $25.00) and:

A.     If sold prior to the end of trading on September 26, 2019, the sales price.

B.     If still held at the end of trading on September 26, 2019, $19.70.[16]

5.   For securities other than Series B Preferred Units,[17] a Claimant's Recognized Loss shall be 75% of the aggregate Exchange Act Recognized Loss as described in Paragraphs 1-3 above. For Series B Preferred Units, a Claimant Recognized Loss shall be the greater of (a) 75% of the aggregate Exchange Act Recognized Loss as described in Paragraphs 1-3 above; or (b) 100% of the aggregate Securities Act Recognized Loss as described in Paragraph 4 above. A Claimant's Total Recognized Loss shall be the total of his, her or its Recognized Loss on each Dynagas security.

---

[14] In accordance with the process used to estimate artificial price inflation for the Dynagas Units, artificial deflation per put option will be calculated by accumulating the put option price increases, if any, that occurred on each Corrective Disclosure Date.

[15] The repurchase price for put options that were assigned or expired without assignment is deemed to be zero.

[16] $19.70 was the closing price of the Series B Preferred Units on September 26, 2019, the date on which the Complaint asserting claims under the Securities Act was filed. As such, this Plan uses September 26, 2019 as the "...time such suit was brought" for purposes of establishing Plaintiffs' statutory measure of damages under the Securities Act.

[17] *i.e.* common units, Series A Preferred Units, 6.25% Notes, call options and put options.

## ADDITIONAL PROVISIONS

**I.   FIFO Matching:**  All purchases/acquisitions and sales of Dynagas securities in the Class Period shall be matched on a First-In-First-Out ("FIFO") basis.  Sales of Dynagas securities between December 21, 2017 through March 21, 2019 and holdings as of the close of trading on March 21, 2019 will be matched first against any holdings of Dynagas securities at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

**II.   Purchase/Sale Dates:**  A purchase/acquisition or sale of Dynagas securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

**III.   Gifts:** The receipt or grant by gift, devise or inheritance of Dynagas securities during the Class Period shall not be deemed to be a purchase, acquisition or sale of Dynagas securities for the calculation of an Authorized Claimant's Recognized Losses, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale unless (i) the donor or decedent purchased the security during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights to claims relating to the purchase or sale of Dynagas securities; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares of Dynagas securities.

**IV.   Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Dynagas Securities. The date of a "short sale" is deemed to be the date of sale of Dynagas Securities.  Under the Plan of Allocation, however, the Recognized Loss on all "short sales" of Dynagas Units and call options is zero.

**V.   Dynagas Securities Purchased/Sold Through the Exercise of Options:** Option contracts on Dynagas Units are eligible to participate in the Settlement.  With respect to Dynagas Units purchased or sold through the exercise or assignment of an option, the purchase/sale date of the Dynagas Unit is the exercise or assignment date of the option and the purchase/sale price of the Dynagas Unit is the exercise price of the option.

**VI.   Calculation of Market Loss/Gain:** For each Claimant, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[18] and (ii) the sum of the Total Sales Proceeds[19] and Total Holding Value.[20]   This difference will be deemed a Claimant's

---

[18] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Dynagas securities purchased or acquired during between December 21, 2017 through March 21, 2019.

[19] The Claims Administrator shall match any sales of Dynagas securities between December 21, 2017 through March 21, 2019, first against the Claimant's opening position in Dynagas securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for sales of Dynagas securities between December 21, 2017 through March 21, 2019 shall be the "Total Sales Proceeds."

Market Loss with respect to his, her, or its overall purchases/acquisitions of Dynagas Securities and options on Dynagas Securities, during the Class Period.

**VII.   Calculation and Cap of Claimant Total Recognized Loss:** For each Claimant, the Claimants' Total Recognized Loss will be the lesser of (i) the aggregate Recognized Loss associated with all Class Period purchases or acquisitions of Dynagas Securities or (ii) the Claimant's Market Loss.  A Claimant with a negative Market Loss (*i.e.* a gain) with respect to all of his, her or its transactions in Dynagas Securities and options on Dynagas Securities between December 21, 2017 and March 21, 2019 will have a Total Recognized Loss of $0, and will not be eligible for any distribution.

**VIII.  Determination of Distribution Amount:**  The total net funds available for distribution in this Action as a result of the Settlement Amount and all interest earned thereon, less taxes, notice and administration costs, attorneys' fees and litigation expenses awarded (the Net Settlement Fund) will be allocated *pro rata* based on each Authorized Claimant's proportional share of the Net Settlement Fund as determined by his, her or its Total Recognized Loss as compared to the aggregate Total Recognized Losses of all Authorized Claimants. This proportional share is the Authorized Claimant's "Distribution Amount." The Distribution Amount for Authorized Claimants with a Total Recognized Loss of $0.00 will be $0.00.  Such Claimants will in any event be bound by the Settlement.

**IX.   *De Minimis* Limitation**: If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to other Authorized Claimants.

**X.    Redistribution of Unclaimed Funds:** If any funds remain after the final distribution of recoveries in the Action *(i.e.*, if the Net Settlement Fund less distributions is positive) because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining nine months after the final distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distribution and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional redistributions, subject to the conditions previously noted, may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, is cost-effective. At such time as it is determined that the redistribution of funds remaining is not cost-effective, the remaining balance (the Net

---

[20] When calculating Total Holding Value, the Claims Administrator shall ascribe a holding value based on each security's March 22, 2019 closing price: $2.38 per share of Dynagas Common Unit held as of the close of trading on March 21, 2019, $19.43 per Series A Preferred Unit held as of the close of trading on March 21, 2019, $19.26 per Series B Preferred Unit held as of the close of trading on March 21, 2019, and $960.00 per 6.25% Note held as of the close of trading on March 21, 2019.  For call options still held or put options still short as of the close of trading on March 21, 2019, the Claims Administrator shall apply the same methodology based on the closing price of each option on March 22, 2019 or the next nearest trading date.

Settlement Fund less distributions) shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Lead Counsel and approved by the Court.

**XI.    Release:** Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defense Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**XII.    Approval and Modification:** The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, DynagasSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation from December 21, 2017 through and including
March 21, 2019**

| Transaction Date | | Artificial Inflation Per Common Unit | Artificial Inflation Per Series A Preferred Unit | Artificial Inflation Per Series B Preferred Unit | Artificial Inflation Per $1,000 6.25% Note |
|---|---|---|---|---|---|
| December 21, 2017   -   November 15, 2018 | | $ 2.32 | $ 4.00 | $ 2.98 | $ 33.26 |
| November 16,2018   -   January 25, 2019 | | $ 1.24 | $ 3.61 | $ 2.30 | $ 22.73 |
| January 26, 2019   -   March 21, 2019 | | $ 0.28 | $ 1.12 | $ 0.39 | $ 4.29 |

**TABLE B**

**Average Closing Price between 03/22/2019 and Date of Sale per Dynagas Unit**

| Date of Sale | Common Unit | Series A Preferred Unit | Series B Preferred Unit | 6.25% Note |
|---|---|---|---|---|
| 03/22/2019 | $2.38 | $19.43 | $19.26 | $960.00 |
| 03/25/2019 | $2.35 | $19.52 | $19.09 | $956.25 |
| 03/26/2019 | $2.34 | $19.53 | $19.04 | $955.67 |
| 03/27/2019 | $2.33 | $19.50 | $19.01 | $952.58 |
| 03/28/2019 | $2.30 | $19.49 | $19.01 | $951.66 |
| 03/29/2019 | $2.29 | $19.50 | $18.97 | $953.03 |
| 04/01/2019 | $2.28 | $19.50 | $18.95 | $953.14 |
| 04/02/2019 | $2.28 | $19.51 | $18.93 | $954.01 |
| 04/03/2019 | $2.29 | $19.57 | $18.94 | $954.12 |
| 04/04/2019 | $2.30 | $19.61 | $18.97 | $956.56 |
| 04/05/2019 | $2.31 | $19.67 | $19.00 | $958.33 |
| 04/08/2019 | $2.31 | $19.72 | $19.03 | $958.99 |
| 04/09/2019 | $2.32 | $19.76 | $19.05 | $961.19 |
| 04/10/2019 | $2.33 | $19.80 | $19.07 | $963.07 |
| 04/11/2019 | $2.33 | $19.83 | $19.10 | $963.65 |
| 04/12/2019 | $2.34 | $19.83 | $19.11 | $964.42 |
| 04/15/2019 | $2.34 | $19.86 | $19.14 | $964.16 |
| 04/16/2019 | $2.33 | $19.88 | $19.17 | $964.75 |
| 04/17/2019 | $2.33 | $19.89 | $19.18 | $965.27 |
| 04/18/2019 | $2.32 | $19.89 | $19.19 | $965.66 |
| 04/22/2019 | $2.32 | $19.91 | $19.21 | $965.27 |
| 04/23/2019 | $2.32 | $19.92 | $19.22 | $965.84 |
| 04/24/2019 | $2.32 | $19.94 | $19.23 | $966.56 |
| 04/25/2019 | $2.31 | $19.95 | $19.23 | $966.81 |
| 04/26/2019 | $2.31 | $19.98 | $19.24 | $967.13 |
| 04/29/2019 | $2.31 | $20.01 | $19.25 | $965.24 |
| 04/30/2019 | $2.31 | $20.05 | $19.28 | $965.63 |
| 05/01/2019 | $2.32 | $20.08 | $19.31 | $965.76 |
| 05/02/2019 | $2.31 | $20.11 | $19.32 | $965.35 |
| 05/03/2019 | $2.32 | $20.11 | $19.33 | $965.67 |
| 05/06/2019 | $2.32 | $20.11 | $19.35 | $965.81 |
| 05/07/2019 | $2.31 | $20.10 | $19.36 | $965.94 |
| 05/08/2019 | $2.31 | $20.09 | $19.37 | $965.48 |
| 05/09/2019 | $2.31 | $20.08 | $19.38 | $964.99 |
| 05/10/2019 | $2.31 | $20.07 | $19.39 | $964.44 |
| 05/13/2019 | $2.31 | $20.05 | $19.39 | $964.51 |
| 05/14/2019 | $2.31 | $20.04 | $19.38 | $964.53 |
| 05/15/2019 | $2.30 | $20.03 | $19.37 | $964.12 |
| 05/16/2019 | $2.30 | $20.02 | $19.37 | $964.21 |
| 05/17/2019 | $2.30 | $20.01 | $19.36 | $964.29 |
| 05/20/2019 | $2.29 | $19.94 | $19.30 | $963.87 |
| 05/21/2019 | $2.28 | $19.89 | $19.25 | $963.77 |
| 05/22/2019 | $2.28 | $19.83 | $19.20 | $963.31 |
| 05/23/2019 | $2.27 | $19.75 | $19.13 | $963.01 |
| 05/24/2019 | $2.25 | $19.68 | $19.06 | $962.87 |
| 05/28/2019 | $2.24 | $19.62 | $19.01 | $962.32 |
| 05/29/2019 | $2.23 | $19.58 | $18.97 | $961.74 |
| 05/30/2019 | $2.22 | $19.56 | $18.95 | $961.26 |
| 05/31/2019 | $2.21 | $19.53 | $18.93 | $960.62 |
| 06/03/2019 | $2.20 | $19.51 | $18.92 | $960.26 |

| | | | |
|---|---|---|---|
| 06/04/2019 | $2.20 | $19.49 | $18.91 | $959.77 |
| 06/05/2019 | $2.19 | $19.45 | $18.87 | $959.48 |
| 06/06/2019 | $2.18 | $19.40 | $18.82 | $959.49 |
| 06/07/2019 | $2.17 | $19.34 | $18.77 | $959.22 |
| 06/10/2019 | $2.16 | $19.29 | $18.72 | $959.05 |
| 06/11/2019 | $2.15 | $19.25 | $18.68 | $958.98 |
| 06/12/2019 | $2.15 | $19.22 | $18.65 | $958.82 |
| 06/13/2019 | $2.14 | $19.18 | $18.61 | $958.80 |
| 06/14/2019 | $2.13 | $19.14 | $18.57 | $958.99 |
| 06/17/2019 | $2.12 | $19.11 | $18.53 | $959.15 |
| 06/18/2019 | $2.11 | $19.07 | $18.50 | $959.37 |
| 06/19/2019 | $2.10 | $19.04 | $18.46 | $959.60 |

28

# EXHIBIT A-2

EXHIBIT A-2

***In re Dynagas LNG Partners LP Securities Litigation,***
**c/o A.B. Data, Ltd.**
**P.O. Box 173132**
**Milwaukee, WI 53217**

**Toll-Free Number:  877-235-9861**
**Email:  info@DynagasSecuritiesLitigation.com**
**Website:  DynagasSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | **2** |
| **PART II – CLAIMANT INFORMATION** | **6** |
| **PART III – SCHEDULE OF TRANSACTIONS IN DYNAGAS LNG PARTNERS LP SECURITIES** | **7** |
| **PART IV – SCHEDULE OF TRANSACTIONS IN OPTIONS CONTRACTS ON DYNAGAS LNG PARTNERS LP SECURITIES** | **11** |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | **16** |

# PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the proposed plan of allocation set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all members of the "Settlement Class," which consists of all persons and entities who purchased or otherwise acquired the securities of Dynagas LNG Partners LP. ("Dynagas") during the period from December 21, 2017 through March 21, 2019, inclusive (the "Class Period"), all persons who purchased call options on Dynagas securities during the Class Period and all Persons who sold put options on Dynagas securities during the Class Period, excluding certain individuals and entities related to the defendants.  By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page ___ (Paragraph 19) of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER**. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Parts III and IV of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Dynagas securities and options during the Class Period. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Dynagas securities, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Dynagas securities and options set forth in the Schedule of Transactions in Parts III and IV of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties, including Dynagas, and the Claims Administrator do not independently have information about your investments in Dynagas securities and options. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL

DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents**.

6.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. If you owned Dynagas securities or options during the Class Period and held them in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you owned Dynagas securities during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

7.      **<u>One Claim should be submitted for each separate legal entity</u>**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Dynagas securities; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Dynagas securities or option contracts you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

10.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

11.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the proposed plan of allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

12.      **PLEASE NOTE:** As set forth in the proposed plan of allocation, each Authorized Claimant

shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the address on the first page of this Claim Form, by email at info@DynagasSecuritiesLitigation.com, or by toll-free phone at 877-235-9861, or you can visit the Settlement website, DynagasSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the **_mandatory_** electronic filing requirements and file layout, you may visit the Settlement website at DynagasSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@DynagasSecuritiesLitigation.com.   **Any file not in accordance with the required electronic filing format will be subject to rejection.**   Only one claim should be submitted for each separate legal entity (_see_ Paragraph 7 above) and the **_complete_** name of the beneficial owner of the securities must be entered where called for (_see_ Paragraph 6 above).   No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.   **Do not assume that your file has been received until you receive this email.   If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@DynagasSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## <u>IMPORTANT: PLEASE NOTE</u>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL OR BY ELECTRONIC MEANS BY WHICH YOU MAY HAVE AGREED TO RECEIVE COMMUNICATIONS ABOUT YOUR INVESTMENTS IN DYNAGAS SECURITIES WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT WITHIN 60 DAYS, CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 877-235-9861.**

## PART II – CLAIMANT INFORMATION

**Please complete this PART II in its entirety.  The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                    State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)               Telephone Number (work)               Telephone Number (mobile)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box):
  Individual (includes joint owner accounts)          Pension Plan          Trust
  Corporation                                         Estate
  IRA/401K                                            Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see Paragraph 7 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN DYNAGAS LNG PARTNERS LP SECURITIES

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, Paragraph 5, above.

### DYNAGAS COMMON UNITS REPRESENTING LIMITED PARTNERSHIP INTERESTS ("COMMON UNITS" OR "COMMON STOCK") (CINS: Y2188B108) (Ticker Symbol: DLNG)

| 1. HOLDINGS AS OF DECEMBER 21, 2017 – State the total number of Dynagas Common Units (shares) held as of the opening of trading on December 21, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Dynagas Common Units from after the opening of trading on December 21, 2017 through June 19, 2019 and including the close of trading on June 19, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Purchased/Acquired | Purchase/ Acquisition Price Per Unit (Share) | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

**3. SALES FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every sale or disposition (including free deliveries) of Dynagas Common Units from after the opening of trading on December 21, 2017, through June 19, 2019 and including the close of trading on June 19, 2019 (Must be documented.) **IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Sold | Sale Price Per Unit (Share) | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

| 4. HOLDINGS AS OF JUNE 19, 2019 – State the total number of Dynagas Common Units (shares) held as of the close of trading on June 19, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**DYNAGAS SERIES A FIXED TO FLOATING RATE CUMULATIVE REDEEMABLE PERPETUAL PREFERRED UNITS ("PREFERRED A UNITS") (CINS: Y2188B116) (Ticker Symbol: DLNG PR A)**

| | |
|---|---|
| **1. HOLDINGS AS OF DECEMBER 21, 2017** – State the total number of Dynagas Preferred A Units held as of the opening of trading on December 21, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Dynagas Preferred A Units from after the opening of trading on December 21, 2017 through June 19, 2019 and including the close of trading on June 19, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Purchased/Acquired | Purchase/ Acquisition Price Per Unit (Share) | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| | |
|---|---|
| **3. SALES FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every sale or disposition (including free deliveries) of Dynagas Preferred A Units from after the opening of trading on December 21, 2017, through June 19, 2019 and including the close of trading on June 19, 2019 (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Sold | Sale Price Per Unit (Share) | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| | |
|---|---|
| **4. HOLDINGS AS OF JUNE 19, 2019 –** State the total number of Dynagas Preferred A Units held as of the close of trading on June 19, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |

Page 8

**DYNAGAS SERIES B FIXED TO FLOATING RATE CUMULATIVE REDEEMABLE PERPETUAL PREFERRED UNITS ("PREFERRED B UNITS") (CINS: Y2188B124) (Ticker Symbol: DLNG PR B)**

| 1. HOLDINGS AS OF DECEMBER 21, 2017 – State the total number of Dynagas Preferred B Units held as of the opening of trading on December 21, 2017.  If none, write "zero" or "0." _____ | Proof of Position Enclosed? (Y/N) ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 21, 2017 THROUGH SEPTEMBER 26, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Dynagas Preferred B Units from after the opening of trading on December 21, 2017 through **September 26, 2019** and including the close of trading on **September 26, 2019**. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Purchased/Acquired | Purchase/ Acquisition Price Per Unit (Share) | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

**3. SALES FROM DECEMBER 21, 2017 THROUGH SEPTEMBER 26, 2019** – Separately list each and every sale or disposition (including free deliveries) of Dynagas Preferred B Units from after the opening of trading on December 21, 2017, through **September 26, 2019** and including the close of trading on September 26, 2019 (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units (Shares) Sold | Sale Price Per Unit (Share) | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

| 4. HOLDINGS AS OF SEPTEMBER 26, 2019 – State the total number of Dynagas Preferred B Units held as of the close of trading on September 26, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

Page 9

**DYNAGAS 6.25% SENIOR UNSECURED NOTES MATURED OCTOBER 2019**
**(CUSIP No. 26780TAA5) ("6.25% NOTES")**

| | |
|---|---|
| **1. HOLDINGS AS OF DECEMBER 21, 2017** – State the total number of Dynagas 6.25% Notes held as of the opening of trading on December 21, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Dynagas 6.25% Notes from after the opening of trading on December 21, 2017 through June 19, 2019 and including the close of trading on June 19, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Notes Purchased/Acquired | Purchase/ Acquisition Price Per Note | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3. SALES FROM DECEMBER 21, 2017 THROUGH JUNE 19, 2019** – Separately list each and every sale or disposition (including free deliveries) of Dynagas 6.25% Notes from after the opening of trading on December 21, 2017, through June 19, 2019 and including the close of trading on June 19, 2019 (Must be documented.) **IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Notes Sold | Sale Price Per Note | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| | |
|---|---|
| **4. HOLDINGS AS OF JUNE 19, 2019** – State the total number of shares of Dynagas 6.25% Notes held as of the close of trading on June 19, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |

**PART IV -- SCHEDULE OF TRANSACTIONS IN**
**OPTIONS CONTRACTS ON DYNAGAS LNG PARTNERS LP SECURITIES**

**CALL OPTIONS**

**A. BEGINNING HOLDINGS:** At the close of trading on **December 21, 2017**, I had the following call option contract positions (if your position was short, include the position in parentheses):

| Number of Contracts | Underlying Security (enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Indicate "Y" or "N" Was this an Open Sale Contract? |
|---|---|---|---|
| | | /  ___.___ | ☐ |
| | | /  ___.___ | ☐ |
| | | /  ___.___ | ☐ |
| | | /  ___.___ | ☐ |

**B. PURCHASES OF CALL OPTIONS:** I purchased call option contracts between **December 21, 2017** and the close of trading on **June 19, 2019**, inclusive (must be documented):

| Date of Purchase/Acquisition (List Chronologically, Month/Day/Year) | Number of Contracts | Underlying Security (enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (e.g. 12/22 $15) | Sale Price Per Contract | Amount Expended (excluding taxes, commissions and fees) |
|---|---|---|---|---|---|
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |
| /    / | | | /  ___.___ | $ | . |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

## CALL OPTIONS CONT'D

**C. SALE TRANSACTIONS**: I made the following sales of the call option contracts listed on page ___) from **December 21, 2017 through June 19, 2019**, inclusive (Must be documented, Include Exercises, Assignments and Expirations):

| Date of Sale/Assignment/ Exercise (List Chronologically) (Month/Day/Year) | Number of Contracts | Under-lying Security (Enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Sale Price Per Contract | Aggregate Amount Received (Excluding Taxes, Commissions and Fees) | Enter "S" if Sold, "EXE" if Exercised, "A" if Assigned or "EXP" if Expired |
|---|---|---|---|---|---|---|
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |
| /   / | | | /   ___.__ | $ | $ | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

**D. ENDING HOLDINGS:** At the close of trading on **June 19, 2019**, I had the following call option contract positions (if your position was short, include the position in parentheses):

| Number of Contracts | Under-lying Security (Enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Indicate "Y" or "N" Was this an Open Sale Contract? |
|---|---|---|---|
| | | /   ___.__ | ☐ |
| | | /   ___.__ | ☐ |
| | | /   ___.__ | ☐ |
| | | /   ___.__ | ☐ |

**PUT OPTIONS**

**A. BEGINNING HOLDINGS:** At the close of trading on **December 21, 2017**, I had the following put option contract positions (if your position was short, include the position in parentheses):

| Number of Contracts | Under-lying Security (enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Indicate "Y" or "N" Was this an Open Sale Contract? |
|---|---|---|---|
| | | /    ___.__ | ☐ |
| | | /    ___.__ | ☐ |
| | | /    ___.__ | ☐ |
| | | /    ___.__ | ☐ |

**B. SALES/TRANSFERS OF PUT OPTIONS:** I made the following sales of put option contracts between **December 21, 2017** and the close of trading on **June 19, 2019**, inclusive (must be documented):

| Date of Sale/Assignment/ Exercise/Expiration (List Chronologically) (Month/Day/Year) | Number of Contracts | Under-lying Security (Enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Contracts (*e.g.* 12/22 $15.00) | Price Received Per Contract | Aggregate Amount Received (Excluding Taxes, Commissions and Fees) | Enter "S" if Sold, "EXE" if Exercised, "A" if Assigned or an "EXP" if Expired |
|---|---|---|---|---|---|---|
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |
| /    / | | | /    ___.__ | $ | $ | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

**PUT OPTIONS CONT'D**

**C. PURCHASES / REPURCHASES OF PUT OPTIONS**: I made the following purchases and/or repurchases of the put option contracts listed on page ___ from **December 21, 2017 through June 19, 2019**, inclusive (Must be documented):

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Contracts | Underlying Security (enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Sale Price Per Contract | Aggregate Amount Expended (excluding taxes, commissions and fees) |
|---|---|---|---|---|---|
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |
| /    / | | | /    ___.___ | $ | $ |

**D. ENDING HOLDINGS:** At the close of trading on **June 19, 2019**, I had the following put option contract positions (if your position was short, include the position in parentheses):

| Number of Contracts | Underlying Security (Enter "CU" for Common Units) | Expiration Month and Year & Strike Price of Options (*e.g.* 12/22 $15) | Indicate "Y" or "N" Was this an Open Sale Contract? |
|---|---|---|---|
| | | /    ___.___ | ☐ |
| | | /    ___.___ | ☐ |
| | | /    ___.___ | ☐ |
| | | /    ___.___ | ☐ |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

**NOTE: DERIVATIVE INSTRUMENTS OTHER THAN CALL OPTIONS AND PUT OPTIONS (E.G. FORWARD CONTRACTS OR SWAPS) ARE NOT INCLUDED IN THE CLASS DEFINITION AND ARE NOT ELIGIBLE TO RECEIVE DISTRIBUTIONS FROM THE NET SETTLEMENT FUND. YOU DO NOT NEED TO REPORT YOUR HOLDINGS OR TRANSACTIONS IN SUCH INSTRUMENTS (IF ANY) TO THE CLAIMS ADMINISTRATOR.**

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Stipulation and the terms of the Plan of Allocation;

2.      that the claimant(s) is (are) a Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Dynagas securities identified in the Claim Form and have not assigned the claim against the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Dynagas securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he, she, it or they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he, she, it or they is (are) no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                       Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant                                            Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see Paragraph 8 on page 3.)

## **REMINDER CHECKLIST:**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-235-9861.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@DynagasSecuritiesLitigation.com, or by toll-free phone at 877-235-9861, or you may visit the website maintained by the Claims Administrator: DynagasSecuritiesLitigation.com. DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2021**, ADDRESSED AS FOLLOWS:

*In re Dynagas LNG Partners LP Securities Litigation,*
c/o A.B. Data, Ltd.
P.O. Box 173132
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**EXHIBIT A-3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:  All persons and entities who purchased or otherwise acquired the securities of Dynagas LNG Partners LP ("Dynagas"), purchased or otherwise acquired call options on Dynagas securities, or sold or otherwise transferred put options on Dynagas securities during the period from December 21, 2017 through March 21, 2019, inclusive (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been provisionally certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $4,500,000 in cash (the "Settlement") to be paid on Defendants' behalf, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2021 at _____ a.m./p.m., before the Honorable Alison J. Nathan at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom 906, New York, New York 10007, to determine whether:  (i) the proposed Settlement should be approved as fair, reasonable and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May ___, 2021 (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Dynagas LNG Partners LP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173132, Milwaukee, WI 53217, 877-235-9861. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, DynagasSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must either: (1) submit a Claim Form by first class mail, addressed in accordance with the instructions thereon and ***postmarked* no later than _____, 2021; or (2) if specifically permitted by the Claims Administrator, submit all required information electronically in accordance with the Claims Administrator's instructions no later than _____, 2021**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than _____, 2021** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received* no later than _____, 2021** in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, the Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel: Andrew J. Entwistle, Esq. and Robert N. Cappucci, ENTWISTLE & CAPPUCCI LLP, 230 Park Avenue, 3rd Floor, New York, NY 10169, Telephone: (212) 894-7200, Facsimile: (212) 894-7272, Email: aentwistle@entwistle-law.com and rcappucci@entwistle-law.com. Requests for the Notice and Claim Form should be made to: *In re Dynagas LNG Partners LP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173132, Milwaukee, WI 53217, 877-235-9861, info@DynagasSecuritiesLitigation.com. Additional information may be made available at the website maintained by the claims administrator: DynagasSecuritiesLitigation.com.

By Order of the Court

# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND FINAL ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated class action is pending in this Court styled *In re Dynagas LNG Partners LP Securities Litigation*, Civil Action No. 1:19-cv-104512-AJN (the "Action");

WHEREAS, (a) Court-appointed settlement class representatives FNY Partners Fund LP ("FNY"), Mario Epelbaum, Scott Dunlop and Irving Braun, on behalf of themselves and the Settlement Class (defined below); and (b) defendants Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holdings Ltd. ("Dynagas Holding"), George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos and Levon A. Dedegian, UBS Securities LLC, ("UBS"), Stifel, Nicolaus & Company, Incorporated ("Stifel"), Morgan Stanley & Co. LLC ("Morgan Stanley"), and B. Riley FBR, Inc. (collectively, the "Defendants" and together with Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 21, 2021 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of

effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ (the "Settlement Hearing") to consider, among other things:  (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on May 21, 2021 (ECF No. _____); and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 21, 2021 (ECF No. ____ at Exs. ____ and ____).

3.     **Class Certification for Settlement Purposes Only** – Solely for purposes of the Settlement of this Action, the Court finds that each element required for certification of the

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met.

Specifically, pursuant to Rule 23(a), (1) the members of the Settlement Class are so numerous that

their joinder in the Action would be impracticable; (2) there are questions of law and fact common

to the Settlement Class which predominate over any individual questions; (3) the claims of

Plaintiffs in the Action are typical of the claims of the Settlement Class; (4) Plaintiffs and Lead

Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

and, pursuant to Rule 23(b)(3) a class action is superior to other available methods for the fair and

efficient adjudication of the Action.  Therefore, pursuant to Rules 23(a) and (b)(3) of the Federal

Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, a

Settlement Class consisting of:

> all persons and entities who purchased or otherwise acquired the
> securities of Dynagas during the period from December 21, 2017
> through March 21, 2019, inclusive (the "Class Period"), purchased
> or otherwise acquired call options on Dynagas Securities during the
> Class Period or sold or otherwise transferred put options on
> Dynagas securities during the Class Period, excluding the
> Defendants, the Officers and directors of Dynagas at all relevant
> times, their Immediate Family Members, and their legal
> representatives, heirs, successors or assigns, corporate parents
> and/or affiliates and any entity in which any of the above have or
> had a controlling interest, provided, however, that any Investment
> Vehicle shall not be excluded from the Settlement Class (the
> "Settlement Class").

Also excluded from the Settlement Class are those persons or entities listed on Exhibit 1 hereto,

each of whom or which elected to be excluded from the Settlement Class by submitting a request

for exclusion to the Claims Administrator in compliance with the requirements set forth in the

Notice and this Court's Preliminary Approval Order.

4.   **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil

Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations

in the Preliminary Approval Order certifying Lead Plaintiffs along with Plaintiff Irving Braun as

Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder),  their right to object to any aspect of the Settlement, their right to exclude themselves from the Settlement Class and their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims with Prejudice** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein, including the release of the Released Claims as against the Released Defense Parties; and the dismissal with prejudice of the claims asserted against the Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  This Court further finds that the

Settlement set forth in the Stipulation is the result of good faith, arm's length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants, respectively, and that the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions.  Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request, and are, therefore, not bound by the terms of the Stipulation or this Judgment.

9.      **Releases (Definitions)** – For the avoidance of doubt with respect to the releases set forth in paragraph 10 of this Judgment,

(a)      "Released Defense Parties" means Defendants and each and all of their Related Parties, including all of the current and former Officers, directors, employees, and insurers of each Defendant.

(b)      "Releasee(s)" means each and any Person who obtains a release pursuant to Paragraph 10 of this Judgment.

(c)      "Releases" means the releases set forth in Paragraph 10 of this Judgment.

(d)     "Unknown Claims" means and includes any and all claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims.  This includes claims which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement and the releases set forth herein, including his, her or its decision to object or not to object to this Settlement.  By operation of the Judgment, Plaintiffs, Defendants, and all other Settlement Class Members are deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(e)     The Parties have reported that the foregoing definitions and their inclusion in the Stipulation were specifically considered and bargained for, and the Court finds that they are essential and integral elements of the Settlement.

10.     **Releases**

(a)     Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Plaintiffs and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, predecessors, partners, successors, representatives, attorneys, agents and assigns in their capacities as such, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised,

settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Claim against the Released Defense Parties, and shall forever be barred and enjoined from asserting, instituting, commencing or prosecuting any Released Claim against any of the Released Defense Parties directly, indirectly or in any other capacity, in any forum, whether or not such Settlement Class Members execute and deliver a Proof of Claim Form to the Claims Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.

(b)    Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, and shall forever be barred from instituting, commencing, or prosecuting, any Claim or Unknown Claim against Plaintiffs, Settlement Class Members or Plaintiffs' Counsel related to their Class-Period transactions in Dynagas securities, this Action or the prosecution thereof.  The release set forth in this Paragraph shall not apply to any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

11.    **Litigation Bar** – Subject to Paragraph 12 below, upon the Effective Date of the Settlement, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against any of the Released Defense Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay, are obligated to pay, agree to pay or that are paid on their behalf to the

Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum.  For avoidance of doubt, nothing in this Litigation Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity or advancement by any Released Defense Parties.

12.    Notwithstanding paragraphs 10 and 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 in connection with the institution, prosecution, defense and settlement of the Action, and all proceedings herein.

14.    **No Admissions** – Neither this Judgment, the Stipulation, including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a)    deemed an admission of the validity or infirmity of any claim or allegation against any Defendant, the liability or non-liability of any Defendant, or any damages claimed by or on behalf of any Settlement Class Member;

(b)  offered against any of the Released Defense Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defense Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Defense Parties or damages to any Settlement Class Member or in any way referred to for any other reason as against any of the Released Defense Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)  offered against Plaintiffs or any other Settlement Class Member, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission that any of Plaintiffs' claims are without merit, that any of the Released Defense Parties had meritorious defenses, or that damages recoverable from the Defendants under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or other Settlement Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)  or construed against any of the Releasees as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial against the Defendants;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement, the Stipulation and this Order and Final Judgment; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Settlement.

16.     **Plan of Allocation, Award of Attorneys' Fees and Litigation Expenses** – Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Settlement Payment** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid four million five hundred thousand dollars ($4,500,000.00) in cash into the Settlement Fund.

18.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially

limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be vacated, rendered null and void, and be of no further force and effect; (b) this Judgment shall be without prejudice to the rights of the Defendants, Plaintiffs and the other Settlement Class Members; and (c) the Parties shall revert to their respective positions in the Action as of March 16, 2021 (the date the Parties agreed in principle to the Settlement Amount).

21.     **Notice to Federal and State Officials** – The Court finds that Defendants complied with their obligations under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, by timely serving upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with CAFA's requirements.

22.     **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment as against the Defendants.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Alison J. Nathan
Chief United States District Judge

**Exhibit 1**

**<u>List of Persons and Entities Excluded from the Settlement Class Pursuant to Request</u>**

1.      [INSERT HERE]