**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE DYNAGAS LNG PARTNERS LP SECURITIES LITIGATION | No. 19-cv-04512 (AJN) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (i) PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN
OF ALLOCATION AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS;
AND (ii) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND AWARDS PURSUANT TO
<u>15 U.S.C. §78u-4(a)(4)</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...............................................................................................................................2

     I.       The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation .....................................................................2

     II.     The Reaction of the Settlement Class Strongly Supports Approval of the Attorneys' Fee and Expense Application and Awards Under 15 U.S.C. §78u-4(a)(4)....................................................................................................5

CONCLUSION............................................................................................................................6

i

## TABLE OF AUTHORITIES

**Cases**

*In re Am Int'l Grp., Inc. Sec. Litig.*,
   No. 04 Civ. 8141(DAB), 2010 WL 5060697  (S.D.N.Y. Dec. 2, 2010),
   *aff'd*, 452 F. App'x 75 (2d Cir. 2012).......................................................................................4

*In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*,
   909 F. Supp. 2d 259 (S.D.N.Y. 2012) ......................................................................................4

*In re EVCI Career Colls. Holdings Corp. Sec. Litig.*,
   No. 05 Civ. 10240 (CM), 2007 WL 2230177  (S.D.N.Y. July 27, 2007) .................................4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   343 F. Supp. 3d 394 (S.D.N.Y. 2018),
   *aff'd*, 822 F. App'x 40 (2d Cir. 2020)..................................................................................3, 5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   No. 02-CV-3400 (CM), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010).......................................6

*In re Signet Jewelers Ltd. Sec. Litig.*,
   No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ..........................3

*In re Veeco Instruments Inc. Sec. Litig.*,
   No. 05 MDL 01695 (CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)...................................5

*In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y.
   Nov. 7, 2007)........................................................................................................................3, 4

*Maley v. Del Glob. Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ......................................................................................4

*Vaccaro v. New Source Energy Partners L.P.*,
   No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017).................................5

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005)....................................................................................................3, 4

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Court-appointed lead plaintiffs and Settlement Class representatives FNY Partners Fund LP ("FNY"), Mario Epelbaum and Scott Dunlop (collectively, "Lead Plaintiffs"), and plaintiff and Settlement Class representative Irving Braun (together with Lead Plaintiffs, "Plaintiffs") and Court-appointed Lead Counsel Entwistle & Cappucci LLP respectfully submit this reply memorandum of law in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of the Settlement Class (ECF 149) (the "Final Approval Motion); and (ii) Lead Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 151) (the "Fee Motion," and together with the Final Approval Motion, the "Motions").[1]

## PRELIMINARY STATEMENT

Plaintiffs and Lead Counsel are pleased to report that the deadline for objections and requests for exclusion has passed and there are no objections to the proposed Settlement, Plan of Allocation, the Fee and Expense Application, or the application for awards under 15 U.S.C. §78u-4(a)(4). *See* Supplemental Entwistle Decl. ¶ 3; Supplemental Nogalski Decl.[2] ¶ 13. Additionally, while 22,050 Notices have been mailed to potential Settlement Class Members and nominees and the summary notice was published in *The Wall Street Journal* and over *PR Newswire*, only one requests for exclusion has been received. *See* Supplemental Nogalski

---

[1] Capitalized terms which are not defined in this memorandum have the same meaning as in the Stipulation and Agreement of Settlement, dated as of May 21, 2021 (ECF 135, the "Stipulation"). Reference is made to the accompanying Supplemental Declaration of Andrew J. Entwistle in Support of (i) Plaintiffs' Final Approval Motion and (ii) Lead Counsel's Motion For an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. §78u-4(A)(4) (the "Supplemental Entwistle Decl.").

[2] Exhibit A to the Supplemental Entwistle Decl., titled "Supplemental Declaration of Patty Nogalski Regarding: (i) Mailing of Notice and Proof of Claim Form; (ii) Call Center Services; (iii) the Settlement Website; and (iv) Requests for Exclusion and Objections Received to Date."

Decl. ¶¶ 6, 11. Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy and reasonableness of the Settlement, Plan of Allocation, Lead Counsel's request for attorneys' fees and payment of expenses and awards under 15 U.S.C. §78u-4(a)(4).

## ARGUMENT

### I.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Plan of Allocation

Pursuant to the Court's June 10, 2021 Order Granting Preliminary Approval of Settlement (ECF 142, the "Preliminary Approval Order"), the Claims Administrator has mailed 22,050 copies of the notice packet to all potential Settlement Class Members identified to date. *See* Supplemental Nogalski Decl. at ¶ 6. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and reimbursement of litigation expenses of not more than $150,000, including awards pursuant to 15 U.S.C. §78u-4(a)(4) not to exceed $2,500 each, consistent with Lead Counsel's present request.[3] The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and payment of litigation expenses, and the October 15, 2021 deadline for filing such objections.

In addition, copies of the Notice, Proof of Claim form, Stipulation, Preliminary Approval Order, and other documents relevant to the contemplated Settlement were posted on www.DynagasSecuritiesLitigation.com to assist Settlement Class Members and the website address was set forth in the Notice, Proof of Claim Form and Summary Notice. ECF 153-5 ¶ 15.

---

[3] See ECF 151-1; Supplemental Entwistle Decl. at Ex. D (requesting 25% of the Settlement Amount, reimbursement of litigation expenses totaling $91,820.88, and awards of $2,500 to each of the four Plaintiffs).

Further, the Claims Administrator published the Summary Notice in *The Wall Street Journal* on July 15, 2021 and over *PR Newswire* on July 16, 2021 (*id.* ¶ 12) informing readers of the proposed Settlement, how to obtain copies of the Notice and the deadlines for the submission of Proof of Claim Forms, objections, and exclusion requests.

On October 1, 2021, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. These papers – which are publicly available on the docket (ECF 149-153) and the Claims Administrator's website (www.DynagasSecuritiesLitigation.com) – described Plaintiffs' and Lead Counsel's views of the Settlement, work performed in the Action, the Fee and Expense Application and the requested award under 15 U.S.C. §78u-4(a)(4).

Following this extensive notice program, no Settlement Class member objected to any aspect of the Settlement. Supplemental Entwistle Decl. ¶ 3; Supplemental Nogalski Decl. ¶ 13. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and, accordingly, strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Signet Jewelers Ltd. Sec. Litig.,* No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.* ("*Veeco I*"), No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of

3

objections provides effective evidence of the fairness of the Settlement.") (citation omitted); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application"). As the Second Circuit reasoned in *Wal-Mart*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco I*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the scarcity of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp., Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were

timely and valid"). Here, in response to the 22,050 notice packets mailed to date, the Claims Administrator has received only one request for exclusion from the Settlement Class. Supplemental Nogalski Decl. at ¶ 11.[4]

## II.    The Reaction of the Settlement Class Strongly Supports Approval of the Attorneys' Fee and Expense Application and Awards Under 15 U.S.C. §78u-4(a)(4)

Regarding Lead Counsel's request for an award of attorneys' fees and for payment of expenses, as well as the approval of awards under 15 U.S.C. §78u-4(a)(4), the Notice reported that Lead Counsel would request a fee award not to exceed 25% of the Settlement Amount, payment of expenses of not more than $150,000, including awards to Plaintiffs under 15 U.S.C. §78u-4(a)(4) of $2,500 each. In fact, Lead Counsel seeks reimbursement of $91,820.88 in litigation expenses (*See* ECF 151), which is significantly less than the figure provided in the Notice, even after adding the four requested $2,500 awards to Plaintiffs. The absence of objections to the foregoing weighs strongly in favor of approval. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *In re Veeco Instruments Inc. Sec. Litig.* ("*Veeco II*"), No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of

---

[4] A.B. Data received a broker request for an additional 1,267 notice packets on October 19, 2021, four days after the objection deadline.  Nogalski Decl. ¶ 5 n. 2.  As Judge Sweet explained in *Facebook*, "The relevant question is not whether some individual shareholders got adequate notice, but rather whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised. While it is less than ideal for certain investors not to have received Notice Packets prior to relevant deadlines, alternate notice was provided in widely distributed publications, such as *Investor's Business Daily*, at least one national newswire, and on the internet. This, along with actual notice that was reasonably calculated to achieve the widest possible class-wide distribution, is satisfactory." 343 F. Supp. 3d at 411 (internal quotations and citations omitted).

any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

## CONCLUSION

For the reasons above and those set forth in the opening papers in support of the Motions, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable and adequate, approve the request for attorneys' fees and expenses and awards under 15 U.S.C. §78u-4(a)(4), and grant such other and further relief as the Court deems just and proper. The proposed orders reflecting the foregoing are attached as Exhibits B - D to the accompanying Supplemental Entwistle Declaration.

DATED:  October 29, 2021                              Respectfully Submitted,

                                                      /s/ Andrew J. Entwistle
                                                      Andrew J. Entwistle
                                                      **ENTWISTLE & CAPPUCCI LLP**
                                                      Frost Bank Tower
                                                      401 Congress Avenue, Suite 1170
                                                      Austin, Texas 78701
                                                      Telephone:  (512) 710-5960
                                                      Facsimile: (212) 894-7272
                                                      aentwistle@entwistle-law.com

                                                      -and-

                                                      Robert N. Cappucci
                                                      Brendan J. Brodeur
                                                      230 Park Avenue, 3rd Floor
                                                      New York, NY 10169
                                                      Telephone:  (212) 894-7200
                                                      Facsimile:  (212) 894-7272
                                                      rcappucci@entwistle-law.com
                                                      bbrodeur@entwistle-law.com

6

*Counsel for Plaintiffs FNY Partners Fund LP, Mario Epelbaum, Scott Dunlop and Irving Braun and Lead Counsel for the Class*

Curtis V. Trinko
**LAW OFFICES OF CURTIS V. TRINKO**
39 Sintsink Drive West
First Floor
Port Washington, New York 11050
Telephone: (212) 490-9550
Facsimile: (212) 986-0158
ctrinko@trinko.com

*Additional Counsel for Plaintiff Irving Braun*