# EXHIBIT B

**EXHIBIT B**

#### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF NEW YORK

IN RE DYNAGAS LNG PARTNERS LP
SECURITIES LITIGATION

No. 19-cv-04512 (AJN)

### [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND FINAL ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated class action is pending in this Court styled *In re Dynagas LNG Partners LP Securities Litigation*, Civil Action No. 1:19-cv-104512-AJN (the "Action");

WHEREAS, (a) Court-appointed settlement class representatives FNY Partners Fund LP ("FNY"), Mario Epelbaum, Scott Dunlop and Irving Braun, on behalf of themselves and the Settlement Class (defined below); and (b) defendants Dynagas LNG Partners LP, Dynagas GP, LLC, Dynagas Holdings Ltd. ("Dynagas Holding"), George J. Prokopiou, Tony Lauritzen, Michael Gregos, Evangelos Vlahoulis, Alexios Rodopoulos and Levon A. Dedegian, UBS Securities LLC, ("UBS"), Stifel, Nicolaus & Company, Incorporated ("Stifel"), Morgan Stanley & Co. LLC ("Morgan Stanley"), and B. Riley FBR, Inc. (collectively, the "Defendants" and together with Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 21, 2021 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated June 10, 2021 (ECF 142, the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for

purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 5, 2021 (the "Settlement Hearing") to consider, among other things:  (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on May 21, 2021 (ECF No. 135); and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 21, 2021 (ECF No. 135 at Exs. A-1 and A-3).

3.      **Class Certification for Settlement Purposes Only** – Solely for purposes of the Settlement of this Action, the Court finds that each element required for certification of the

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met. Specifically, pursuant to Rule 23(a), (1) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (2) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (3) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (4) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and, pursuant to Rule 23(b)(3) a class action is superior to other available methods for the fair and efficient adjudication of the Action.  Therefore, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of:

> all persons and entities who purchased or otherwise acquired the securities of Dynagas during the period from December 21, 2017 through March 21, 2019, inclusive (the "Class Period"), purchased or otherwise acquired call options on Dynagas securities during the Class Period or sold or otherwise transferred put options on Dynagas securities during the Class Period, excluding the Defendants, the Officers and directors of Dynagas at all relevant times, their Immediate Family Members, and their legal representatives, heirs, successors or assigns, corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class (the "Settlement Class").

Also excluded from the Settlement Class is the person listed on Exhibit 1 hereto, who elected to be excluded from the Settlement Class by submitting a request for exclusion to the Claims Administrator in compliance with the requirements set forth in the Notice and this Court's Preliminary Approval Order.

4.      **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs along with Plaintiff Irving Braun as

-3-

Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.       **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder),  their right to object to any aspect of the Settlement, their right to exclude themselves from the Settlement Class and their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

6.       **Final Settlement Approval and Dismissal of Claims with Prejudice** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein, including the release of the Released Claims as against the Released Defense Parties; and the dismissal with prejudice of the claims asserted against the Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  This Court further finds that the

Settlement set forth in the Stipulation is the result of good faith, arm's length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants, respectively, and that the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions. Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The person listed on Exhibit 1 hereto is excluded from the Settlement Class pursuant to request, and are, therefore, not bound by the terms of the Stipulation or this Judgment.

9. **<u>Releases (Definitions)</u>** – For the avoidance of doubt with respect to the releases set forth in paragraph 10 of this Judgment,

(a) "Released Defense Parties" means Defendants and each and all of their Related Parties, including all of the current and former Officers, directors, employees, and insurers of each Defendant.

(b) "Releasee(s)" means each and any Person who obtains a release pursuant to Paragraph 10 of this Judgment.

(c) "Releases" means the releases set forth in Paragraph 10 of this Judgment.

(d)　　"Unknown Claims" means and includes any and all claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims.  This includes claims which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement and the releases set forth herein, including his, her or its decision to object or not to object to this Settlement.  By operation of the Judgment, Plaintiffs, Defendants, and all other Settlement Class Members are deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(e)　　The Parties have reported that the foregoing definitions and their inclusion in the Stipulation were specifically considered and bargained for, and the Court finds that they are essential and integral elements of the Settlement.

10.　　**Releases**

(a)　　Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Plaintiffs and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, predecessors, partners, successors, representatives, attorneys, agents and assigns in their capacities as such, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised,

settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Claim against the Released Defense Parties, and shall forever be barred and enjoined from asserting, instituting, commencing or prosecuting any Released Claim against any of the Released Defense Parties directly, indirectly or in any other capacity, in any forum, whether or not such Settlement Class Members execute and deliver a Proof of Claim Form to the Claims Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.

(b) Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, and shall forever be barred from instituting, commencing, or prosecuting, any Claim or Unknown Claim against Plaintiffs, Settlement Class Members or Plaintiffs' Counsel related to their Class-Period transactions in Dynagas securities, this Action or the prosecution thereof. The release set forth in this Paragraph shall not apply to any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

11. **Litigation Bar** – Subject to Paragraph 12 below, upon the Effective Date of the Settlement, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against any of the Released Defense Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay, are obligated to pay, agree to pay or that are paid on their behalf to the

Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum. For avoidance of doubt, nothing in this Litigation Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity or advancement by any Released Defense Parties.

12.     Notwithstanding paragraphs 10 and 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 in connection with the institution, prosecution, defense and settlement of the Action, and all proceedings herein.

14.     **No Admissions** – Neither this Judgment, the Stipulation, including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a)     deemed an admission of the validity or infirmity of any claim or allegation against any Defendant, the liability or non-liability of any Defendant, or any damages claimed by or on behalf of any Settlement Class Member;

(b)    offered against any of the Released Defense Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defense Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Defense Parties or damages to any Settlement Class Member or in any way referred to for any other reason as against any of the Released Defense Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)    offered against Plaintiffs or any other Settlement Class Member, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission that any of Plaintiffs' claims are without merit, that any of the Released Defense Parties had meritorious defenses, or that damages recoverable from the Defendants under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or other Settlement Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    or construed against any of the Releasees as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial against the Defendants;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement, the Stipulation and this Order and Final Judgment; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Settlement.

16.     **Plan of Allocation, Award of Attorneys' Fees and Litigation Expenses** – Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Settlement Payment** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid four million five hundred thousand dollars ($4,500,000.00) in cash into the Settlement Fund.

18.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially

limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be vacated, rendered null and void, and be of no further force and effect; (b) this Judgment shall be without prejudice to the rights of the Defendants, Plaintiffs and the other Settlement Class Members; and (c) the Parties shall revert to their respective positions in the Action as of March 16, 2021 (the date the Parties agreed in principle to the Settlement Amount).

21.     **Notice to Federal and State Officials** – The Court finds that Defendants complied with their obligations under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, by timely serving upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with CAFA's requirements.

22.     **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment as against the Defendants.

-12-

SO ORDERED this _____ day of _____, 2021.

_____
Alison J. Nathan
United States District Judge

-13-

## Exhibit 1

## **Person Excluded from the Settlement Class Pursuant to Request**

1.      Marjorie May Smith of Eugene, Oregon